**In the United States District Court
For the Northern District of Texas
Dallas Division**

| | | |
|---|---|---|
| **Rick Milteer** | § | |
| | § | **Civil Action No.**_____ |
| *Plaintiff,* | § | |
| | § | |
| Vs. | § | |
| | § | |
| **Navarro County, Texas** | § | |
| | § | **Jury Trial Requested** |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**To the Honorable Judge of Said Court**:

Now comes the Plaintiff Rick Milteer ("Plaintiff" and/or "Milteer") files this Original Complaint against Defendant Navarro County, Texas ("Defendant" and/or "County"). In support of his causes of actions, Plaintiff shows the Honorable Court and Jury the following:

## I.
### Nature of the Case and
### Conditions Precedent for Title VII

1.1  This is a proceeding for civil enforcement of lawful rights secured by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§§ 2000e-2, et seq., as amended, prohibiting certain unlawful employment practices such as Religious Discrimination, Workplace Retaliation, and Disability discrimination pursuant to the Americans with Disability Act of 1990 and section 501 of the Rehabilitation Act of 1973, punitive damages for the intentional violations, and state law claims of discrimination, retaliation and wrongful discharge pursuant to the Texas Labor Code.

1.2  All conditions precedent pursuant to Title VII, as amended has occurred or has taken place. Plaintiff's Charge of Discrimination was filed with the Equal Employment Opportunities Commission ("EEOC"), within the three hundred (300) days of the actionable acts

1

complained of herein and Plaintiff's Original Complaint is being filed within ninety (90) days of Plaintiff's receipt of his right to sue letter issued by the EEOC.

## II.
## Jurisdiction and Venue

2.1   This jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331 because the issues in this case raise federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and as amended and pursuant to 28 U.S.C. § 1367.

2.2   Venue is proper in the Northern District of Texas, Dallas Division because the causes of action alleged within said district.

## III.
## Parties

3.1   Plaintiff Rick Milteer is an individual who resides in the Northern District of Texas. Milteer is of the Messianic Judaism faith and was a member of the United States military, that was later honorably discharged and was deemed a disabled veteran.

3.2   Defendant Navarro County is a local governmental unit located at 300 West 3rd Avenue, Navarro, Texas 75110. Plaintiff was hired by Navarro County to work within its Texoma High Intensity Drug Trafficking Areas division as an IT manager. Plaintiff was hired by Navarro County on or about March 11, 2013. Navarro County terminated Plaintiff's employment on or about December 28, 2020.  The High Intensity Drug Trafficking Areas itself is a federal program that was created by Congress in 1988 with the purpose of coordinating and assisting other Federal, State, Local and Tribal law enforcement agencies.  The Texoma High Intensity Drug Trafficking Areas ("HIDTA") is Navarro Country's branch of the High Intensity Drug Trafficking Areas federal program.  Defendant Navarro County and its Texoma HIDTA is located within the Northern District of Texas.

## IV.
## Vicarious Liability-Respondeat Superior

4.1     Whenever in this pleading it is alleged that Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant's vice principals, officers, owners, servants, employees, or representatives including but not limited to Julie Wright the Human Recourse Coordinator of Navarro County, Lance Sumpter, Director for Texoma HIDTA and the Texoma HIDTA Executive Board, Deputy Director Keith Raymond Brown, Michele Arseneau, a Human Resource Specialist with Texas Association of Counties, did any act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment at Defendant Navarro County, and/or in the furtherance of Defendant's interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant's officers, owners, servants, employees, and/or representatives.

## V.
## Factual Background

5.1     Plaintiff is a practicing and devoted believer of the Messianic Judaism faith. Plaintiff was also a member of the Army for the United States military. Plaintiff was honorably discharged and has since suffered from P.T.S.D. and hearing loss as a disabled veteran.

5.2     Plaintiff was hired by Defendant Navarro County on a special assignment with the Texoma HIDTA program on or about March 11, 2013. Plaintiff was hired as an Information Technology ("IT") Manager.  Plaintiff's employment terminated with Defendant County on December 28, 2020, after approximately seven (7) years with the county.

5.3     During the period of Plaintiff's employment, he was the only IT Manager within the Texoma HIDTA department. Plaintiff's direct report was the Texoma HIDTA director, Lance Sumpter ("Sumpter").

5.4     The acts of discrimination and workplace retaliation claims occurred approximately between the time periods of May 2, 2020 to December. 28, 2020, when Plaintiff was approximately fifty-nine (59) years old and during the height of the COVID-19 pandemic.

5.5     On or about May 20, 2020, while Plaintiff was on "sick" time off and in the middle of a medical surgery, Sumpter would telephone Plaintiff. Although Plaintiff had just completed an invasive medical surgery on this throat, and was in the middle of a lengthy recovery, he would return Sumpter's call and make himself available.

5.6     Per Defendant's policy, Plaintiff was required to enter his time off on the Texoma HIDTA office calendar and note it as "sick" time, to which Plaintiff complied. The calendar is made accessible to view by all personnel management. Sumpter contacted Plaintiff during the time Plaintiff reported as "sick," causing Plaintiff to feel forced to share with his supervisor that he had just underwent a medical surgery. Plaintiff was uncomfortable sharing any details of his surgery due to the nature, but he further informed Sumpter that he was currently in remission and that he had a military service-connected disability making it difficult for him to hear. Plaintiff told Sumpter that his doctor would allow him to return to work on May 25, 2020 (or in other words, within three business days). As a result, Sumpter then said that he would require his employees to work in the office 2-3 days per week. This was the first retaliatory action taken against Plaintiff by Sumpter as a result of Plaintiff reporting his disability and health concerns to Sumpter.

5.7     Plaintiff asked for reasonable accommodation that would permit him to work remote like the other employees and staff of Navarro County, especially in light of the COVID-19

4

pandemic which was spreading rapidly outside as well as within Defendant's place of employment; as well as Plaintiff's hearing disability caused during his time in the military; and due to his recent invasive medical surgery that would require significant recovery.

5.8    At all relevant times herein, Plaintiff was considered at high-risk in catching COVID-19 because of his age and health. Defendant Navarro County and its Texoma HIDTA department had and continues to have Covid-19 related cases. Sumpter denied Plaintiff's request for accommodation and time off even though Plaintiff had sufficient sick time.

5.9    In this office, law enforcement agents/police were not required to comply with the wearing of face coverings as recommended by the Health Department of the State of Texas. Cases of Covid-19 were present within the Texoma HIDTA workplace: Lance Sumpter, the Director for Texoma HIDTA, did not communicate to the employees of the current COVID-19 cases in the office in order to help safeguard the staff and employees. Nevertheless, employees became aware of the threat by other employees instead of Sumpter reporting it. Further, Steve Brandt (accounting manager) became infected with Covid-19 and again Sumpter failed to communicate of the case. He continued to allow Brandt to work in the office.

5.10    Hence, Plaintiff returned to work and adhered to his directive for several months and traveled out of town when directed. Despite other employees being afforded the opportunity to work from home and sporadically show up to the office, Plaintiff was required to work inside of the office.   Sumpter as the leader and Director of the Texoma HIDTA never enforced or encouraged persons entering the premises to wear masks or maintain any social distance, which continued to place Plaintiff along with everyone else in the building at great health risk and harm.

5.11    Plaintiff is the IT manager and was responsible for performing all work needed to support Texoma HIDTA.  Sumpter never afforded Plaintiff the same rights as all other employees to work remotely.

5.12    The following or additional time periods where Plaintiff made specific requests for an accommodation to work remote but was denied by Sumpter:

- On or about August 3-7, 2020, Plaintiff had to travel to Amarillo for an LPR project. Upon Plaintiff's return from the assignment, he found a derogatory letter placed on his office computer monitor.
- On or about September 6-8, 2020, Plaintiff traveled to Amarillo for the LPR project.

5.13    Then on or about October 7, 2020, Sumpter required Plaintiff to work in the office four (4) days per week. Yet, all other employees were allowed to continue working from home. Plaintiff again asked for an accommodation and to be permitted to work remotely, but was denied with Sumpter being visibly irritated. Again, Sumpter forcing Plaintiff an at-risk disabled veteran to work without any similar accommodations as that of Plaintiff's counterparts was discriminatory and retaliatory.

5.14    On or about October 17, 2020, a data breach and intrusion was discovered. Plaintiff proceeded to fix the breach in accordance with ONDCP Policy Guidelines.

5.15    On October 22, 2020, Plaintiff sent an email to Julie Wright the Human Recourse Coordinator of Navarro County to discuss sensitive matters transpiring at the Texoma HIDTA. Plaintiff also wanted to clarify who his employer was for the purposes of reporting employment related issues. An on October 26, 2020, Plaintiff met with Wright to discuss the sensitive matters transpiring Texoma HIDTA and to clarify who his employer was to report employment related

issues. Wright informed Plaintiff that she did not know who his employer was and that she would follow up with Plaintiff the next day, but Plaintiff did not hear back from Wright.

5.16    On October 28, 2020, Plaintiff reported a data breach and intrusion to Sumpter and the Deputy Director Keith Raymond Brown "(Brown')".

5.17    Then on October 29, 2020, Plaintiff suffered another but more direct adverse employment action by Sumpter when Sumpter removed his access to remotely login and perform his job duties. Plaintiff was disconnected from all the Texoma HIDTA servers, had no more email access and was not permitted to go into his office. Plaintiff was then suspended.

5.18    On November 4, 2020, Plaintiff met with Sumpter and Brown to discuss the data breach and intrusion that he had discovered on Saturday October 17, 2020. Due to the stress and health challenges Plaintiff was experiencing privately, Plaintiff had been fasting and praying. During a period of fasting and praying, it is custom for Plaintiff to wear his Tallit and Kippah. During his meeting with Sumpter, he was immediately questioned by his appearance. Sumpter asked Plaintiff if he was Jewish. Plaintiff told him that he is an observant Messianic Jewish believer. Sumpter then told Plaintiff to remove his Tallit and Kippah because he thought it was disrespectful for the type of meeting that he was conducting. Plaintiff kindly replied that he could not do that.

5.19    On November 5, 2020, Plaintiff provided a written data breach and intrusion report.

5.20    On November 18, 2020, Plaintiff and his wife met with Wright to report Plaintiff's allegations of discrimination as previously described, including the lack of adequate accommodation, to the same extent others were given, sexual orientation and derogatory remarks, and retaliation and harassment. During that meeting, Wright provided incorrect information regarding Plaintiff's FMLA.

7

5.21    On November 18, 2020, at the advice of Michele Arseneau, a Human Resource Specialist with Texas Association of Counties, Plaintiff informed her of the data breach and intrusion at Texoma HIDTA. Plaintiff and Arseaneau spoke at length, and she advised that he should report the data breach and intrusion to the Navarro County District Attorney's Office. That office refused to speak to Plaintiff, so he referred the breach to the Navarro County Sheriff's Office.

5.22    On November 23, 2020, Plaintiff filed his online complaint with the Equal Employment Opportunity Commission.

5.23    On November 30, 2020, Plaintiff filed an affidavit with the Navarro County's Sheriff and an identity theft report with that same office. Plaintiff also provided the same to the Navarro County Commissioner's Court Judge Davenport, and Navarro County District Attorney's Office, and Julia Wright, HR…

5.24    On December 28, 2020, Plaintiff's employment was terminated.  Julie Wright (HR coordinator with Navarro County) stated in a letter dated Dec. 28, 2020 "this letter is to inform you that as of today, Dec. 28, 2020, we are terminating your employment with Navarro County. Your employment is at-will, which allows the County to end the employer-employee relationship without notice and without reason."

5.25    Prior to the Dec. 28, 2020, letter, Plaintiff had not ever had any employment-related issues or had any verbal or written warnings ever within the nearly eight (8) years of his employment with the County.

## VI.
## Causes of Actions

### A. Title VII Discrimination based on Disability and Religion, Workplace Retaliation, and State Law Discrimination, Retaliation and Wrongful Discharge Claims

6.1     Plaintiff repeats and re-alleges all of the facts set forth above. Plaintiff contends that by the above-described actions of the Defendants, the Defendants violated Title VII by discriminating against him on the account of his physical disability and religious beliefs, and retaliated against him for asking to work remotely because of his disability and health issues, including for being at high-risk for COVID-19. These actions were a motivating factor for the adverse treatment to which he was subjected.  Due to the intolerant actions of Defendant, Plaintiff has suffered damages for which he now sues seeking actual damages including:

   a. past lost pay;

   b. future lost pay;

   c. front pay;

   d. future loss of benefits;

   e. past mental anguish;

   f. future mental anguish;

   g. past emotional pain and suffering;

   h. future emotional pain and suffering;

   i. past inconvenience;

   j. future inconvenience;

   k. past loss of enjoyment of life;

   l. future loss of enjoyment of life;

m. reduction in his standard of living for which he seeks compensatory damages in an amount to be determined by the court and jury; and

n. all other damages allowed by law, including reasonable attorney's fees.

6.2 Plaintiff was then retaliated against for simply asking to work remotely like other Navarro County staff and employees were permitted to do. Plaintiff was the only employee retaliated against, and wrongfully terminated. Each act of retaliation is in violation of Title VII's antiretaliation provision, based on but not limited to the following:

a. termination;

b. suspension;

c. denial of access to work files; denied access to work without notice and/or cause;

d. unequal standards.

6.3 Plaintiff also asserts state law wrongful discharge, discrimination and retaliation violations pursuant to Texas Labor Code sections 21.051(1) and (2), and 21.055.

## VII.
## Attorney Fees

7.1 Pursuant to Title VII, Plaintiff sues the Defendant for all reasonable attorney's fees and costs incurred in the prosecution of this suit.

## VIII.
## Jury Demand

8.1 Plaintiffs request that this action be heard before a jury.

## IX.
## Damages

9.1 Defendants' conduct constitutes violations of statutory law. Such unlawful conduct seriously affect Plaintiff in his occupation and personal life. Because of Defendants' unlawful conduct, Plaintiff has suffered, suffers, and/or will continue to suffer financial loss, stress, anxiety,

humiliation along with other unlawful discriminatory damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendants. Plaintiff seeks all general, special, and incidental and consequential damages in an amount to be proved at trial. Because of Defendants' unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned law firm to represent him in these causes of actions. Plaintiff has agreed to pay his attorney fees for the preparation and trial of these causes.

9.2     Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living. Additionally, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

9.3     Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that the Defendants do not promptly tender damages assessed against them and to avoid unjustly enriching Defendants.

## **Prayer For Relief**

For all the above reasons, Plaintiff Rick Milteer respectfully prays for entry of judgment in at least the following particulars:

(a) Declaration that the acts and practices complained herein are in violation of the above applicable statutes;

(b) Damages in excess of $500,000 for Plaintiff for the losses and award him compensatory damages, reimbursement, and make Plaintiff whole for any and all past, future loss wages, and benefits Plaintiff would have received had it not been for Defendants' illegal action including, but not limited to, past loss pay, future loss wages, front pay

and benefits, training, promotions, and seniority. Plaintiff further asks that he be awarded all benefits illegally loss from the present to the date of his retirement, compensation for past and future mental anguish and humiliation; pre-judgment and post-judgement interest at a maximum legal rate;

(c) Punitive damages;

(d) Entry for remedial orders to correct the effects of Defendant's wrongful conducts and permanently restrain these violations of the above applicable statutes;

(e) Attorney's fees, along with conditional awards in the event of appeal;

(f) Expert witness fees, costs and expenses; and

(g) Such other and further relief, equitable, injunctive and declaratory, to the fullest extent allowed in law and equity, to which Plaintiff may show himself justly entitled.

**Respectfully submitted,**

**LAW FIRM OF SHANNON ANTHONY HOLMES, PLLC**

**By:**   ___/s/ Shannon A. Holmes_____
**Shannon A. Holmes**
**TX Bar No.:  24076446**
**Troy J. Pradia,** *pro hac vice* **pending**
**TX Bar No.:  24011945**
**8585 N. Stemmons Fwy., Ste. 148M**
**Dallas, TX 75247-3805**
**Tel:    (214) 814-6834**
**Fax:    (877) 259-0092**
**Email:** shannon@shannonaholmes.com
**Attorneys for Plaintiff**