IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICK MILTEER,** | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:21-CV-02941-D |
| | § | |
| | § | |
| **NAVARRO COUNTY, TEXAS,** | § | |
| Defendant. | § | |

**DEFENDANT NAVARRO COUNTY'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Navarro County, Texas ("Defendant," "Navarro County", or the "County"), and, pursuant to Federal Rule of Civil Procedure 12(b)(6), files its Motion to Dismiss the claims brought against it in Plaintiff's First Amended Complaint (*See* Dkt. #24). In support thereof, Defendant respectfully shows as follows:

**I.
INTRODUCTION**

Plaintiff's First Amended Complaint fails to adequately plead any claims for which relief can be granted, for the reasons set forth below. As such, Plaintiff's claims against Defendant should be dismissed. *See* Fed.R.Civ.P. 12(b)(6).

## II.
## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... i

II. TABLE OF CONTENTS ........................................................................................ ii

III. TABLE OF AUTHORITIES ................................................................................. iii

IV. BACKGROUND ..................................................................................................... 1

V. ARGUMENT AND AUTHORITIES ..................................................................... 5
   A. The Standard for a Motion to Dismiss ........................................................ 5
   B. Elements of Plaintiff's Claims ..................................................................... 6
      1) Religious Discrimination Claims Under Title VII and the TCHRA .............. 6
      2) Disability Discrimination Claims Under the ADA, Rehabilitation Act, and the TCHRA ....................................................................................................... 7
      3) Retaliation Claims Under Title VII, the ADA, the Rehabilitation Act, and the TCHRA ....................................................................................................... 8
      4) Rehabilitation Act Requires Federal Financial Assistance ............................ 9
   C. Plaintiff's First Amended Complaint Fails to Adequately Plead Any Claims..... 9
      1) Plaintiff's Religious Discrimination Claim .................................................... 9
      2) Plaintiff's Failure to Accommodate a Disability Claim ............................... 10
      3) Plaintiff Fails to Adequately Plead a Retaliation Claim .............................. 11
      4) Plaintiff's Rehabilitation Act Claim ............................................................. 12

VI. PLAINTIFF IS NOT ENTITLED TO AMEND HIS COMPLAINT AGAIN .............. 13

VII. CONCLUSION ..................................................................................................... 13

## III.
## TABLE OF AUTHORITIES

**Cases**

*ADA. Jin Choi v. Univ. of Tex.Health Sci. Ctr. At San Antonio*,
   633 Fed.Appx. 214 (5th Cir. 2015) (per curiam) .............................................................. 8, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................. 5, 6, 10, 11

*Baker v. American Airlines, Inc.*,
   430 F.3d 750 (5th Cir. 2005) ............................................................................................... 8, 12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 5, 10

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) ..................................................................................................... 5

*Bruff v. N. Miss. Health Servs., Inc.*,
   244 F.3d 495 (5th Cir. 2001) ............................................................................................... 6, 10

*Burlington Northern & Santa Fe Ry. v. White*,
   548 U.S. 53 (2006) ............................................................................................................... 8, 12

*Cadena v. El Paso Cnty.*,
   946 F.3d 717 (5th Cir. 2020) ............................................................................................... 8, 11

*Carmona v. Southwest Airlines Co.*,
   604 F.3d 848 (5th Cir. 2010) ..................................................................................................... 7

*Doe v. Dallas Indep. Sch. Dist.*,
   194 F. Supp. 3d 551 (N.D. Tex. 2016) .................................................................................... 13

*Duncan v. Citimortgage, Inc., No. 3:12-CV-2652-L*,
   2014 WL 1295088 (N.D. Tex. Mar. 28, 2014) ....................................................................... 13

*EEOC v. Argo Distribution, LLC*,
   555 F.3d 462 (5th Cir. 2009)..................................................................................................... 7

*Feist v. LA., Dep's if Justice, Office of the Atty. Gen.*,
   730 F.3d 450 (5th Cir. 2013) ............................................................................................... 8, 11

*Flying Crown Land Group v. Reed, No. 3*,
   15-CV-1225-M, 2015 WL 9266903 (N.D. Tex. Dec. 18, 2015) ............................................ 13

*Gentilello v. Rege*,
   627 F.3d 540 (5th Cir. 2010) ..................................................................................................... 6

*Greene v. Greenwood Pub. Sch. Dist.*,
   890 F.3d 240 (5th Cir. 2018) ..................................................................................................... 6

*Hainze v. Richards*,
    207 F.3d 795 (5th Cir. 2000) ................................................................................................. 9, 12

*Keane v. Fox TV Stations, Inc.*,
    297 F. Supp. 2d 921 (S.D. Tex. 2004) ......................................................................................... 5

*Kimiko P. v. Alta Cal. Reg'l Ctr.*,
    2020 U.S. Dist. LEXIS 194628 (E.D. Cal. Oct. 19, 2020) ..................................................... 13

*Lehman v. UPS*,
    443 F. Supp. 2d 1146 (W.D. Mo. 2006) ................................................................................. 13

*Lormand v. US Unwired, Inc.*,
    565 F.3d 228 (5th Cir. 2009) ..................................................................................................... 6

*Lyons v. Kary Indep. Sch. Dist.*,
    964 F.3d 298 (5th Cir. 2020) ............................................................................................... 9, 12

*McDonnell-Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ................................................................................................................... 6

*Milton v. Texas Dep't. of Crim. Justice*,
    707 F.3d 570 (5th Cir. 2013) ..................................................................................................... 7

*Papasan v. Allain*,
    478 U.S. 265 (1986) ................................................................................................................... 6

*Rodriguez v. ConAgra Grocery Prods. Co.*,
    436 F.3d 468 (5th Cir. 2006) ............................................................................................... 9, 12

*Shackelford v. Deloitte & Touche, LLP*,
    190 F.3d 398 (5th Cir. 1999) ............................................................................................... 7, 10

*Still v. Freeport-McMoran, Inc.*,
    120 F.3d 50 (5th Cir.1997) ......................................................................................................... 7

*Tagore v. United States*,
    735 F.3d 324 (5th Cir. 2013) ............................................................................................... 6, 10

*Tex.Dep't. of State Health Servs. v. Rockwood*,
    468 S.W.3d 147 (Tex.App.-San Antonio 2015, no pet.) ........................................................... 8

*Toyota Motor Mfg., Ky., Inc. v. Williams*
    534 U.S. 184 at (2002) ............................................................................................................... 7

*Tuchman v. DSC Comm. Corp.*,
    14 F.3d 1061 (5th Cir. 1994) ............................................................................................... 6, 11

*U.S. ex rel. Wismer v. Branch Banking & Trust Co., No. 3:13-CV-1894-B*,
    2014 WL 1407584 (N.D. Tex. Apr. 11, 2014) ........................................................................ 13

**Statutes**

29 C.F.R. § 1630.2 (2008) ............................................................................................................. 7

29 U.S.C. § 794 ...................................................................................................................... 9, 12-13

42 U.S.C. § 12111 ........................................................................................................................... 7

42 U.S.C. § 2000e-2 ....................................................................................................................... 6

42 U.S.C. § 12102 ........................................................................................................................... 7

## IV.
## BACKGROUND

1. Plaintiff originally brought suit against Defendant pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") for religious discrimination and workplace retaliation; for disability discrimination under the Americans with Disability Act of 1990 ("ADA") and section 501 of the Rehabilitation Act of 1973; and under State law for religious and disability discrimination, and retaliation pursuant to the Texas Commission on Human Rights Act of the Texas Labor Code ("TCHRA"). (*See* Dkt # 1, p. 1, ¶1.1). Defendant filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. #14). On May 3, 2022, the Court entered a Memorandum Opinion and Order finding that Plaintiff had not properly pled his claims and granting Defendant's motion to dismiss. (*See* Dkt. #23). The Court also allowed Plaintiff an opportunity to replead his claims. *Id.* On May 31, 2022, Plaintiff filed his First Amended Complaint. (*See* Dkt. #24).

2. Plaintiff is a practicing Messianic Jew and Pastor at the Apostle's Creed, a/k/a Once Creed Church, was a member of the United States Army, from which he was honorably discharged, and is a disabled veteran suffering from hearing loss in both ears, cancer, throat tumor, post-traumatic stress disorder ("PTSD"), hypertension, and diabetes. (*See* Dkt. #24, p. 2, ¶¶6-8). Plaintiff alleges his hearing loss, cancer, throat tumor, PTSD, hypertension, and diabetes substantially limit his major life activities in various ways. *Id.*, at pp. 3-4, ¶¶9-14. Consequently, Plaintiff alleges he was a person with an "actual" disability, a "record" of disability, or "regarded as having a disability" under the ADA and TCHRA. *Id.*, at p. 4, ¶15.

3. Plaintiff was hired by Defendant to work within its the Texoma High Intensity Drug Trafficking Area ("HIDTA") as an Information Technology ("IT") Manager on March 11, 2013. (*See* Dkt. #24, pp. 4-5, ¶16). Plaintiff's direct supervisor was Lance Sumpter. *Id.*

Plaintiff was discriminated and retaliated against between May 2, 2020, and December 28, 2020. *Id.*

4.   In May, 2020, Plaintiff took sick time to have surgery for a throat tumor. (*See* Dkt. #24, p. 5, ¶18). He was released by his doctor to return to work on May 25, 2020. *Id.* On May 20, 2020, Lance Sumpter contacted Plaintiff while Plaintiff was still out sick, causing Plaintiff to feel forced to discuss his surgery with him. *Id.* Sumpter asked Plaintiff questions about his health, and Plaintiff was uncomfortable sharing the details of his medical condition with Sumpter, but nonetheless advised him he was in remission and had military service connected disabilities of hearing loss and PTSD. *Id.*, at pp. 5-6, ¶¶19-20.

5.   Sumpter advised Plaintiff that he was required to work in the office 2-3 days per week. (*See* Dkt. #24, pp. 5-6, ¶20). Plaintiff asked if he could work remotely "to continue to recover from his surgery and to decrease his chances of getting COVID-19." *Id.* Sumpter denied Plaintiff's request for this accommodation. *Id.*, at p. 6, ¶21. This was Sumpter's first act of retaliation against Plaintiff because Plaintiff has reported disabilities. *Id.*

6.   On October 7, 2020, Plaintiff asked to work remotely because he was at a high risk of catching COVID-19, due to his underlying health conditions. (*See* Dkt. #24, p. 6, ¶22). Plaintiff was concerned about catching COVID-19 because of its rapid spread in the community and his place of employment. *Id.* Defendant denied the request. *Id.* Sumpter failed to encourage or require persons at the workplace to wear face coverings, nor did he communicate with employees about potential COVID-19 exposure. *Id.*, at p. 6, ¶23. Plaintiff was considered high risk for catching COVID-19 because of his age and health, but Sumpter denied his request to work remotely. *Id.*

7. Plaintiff also requested accommodations relating to his hearing disability and PTSD on October 26, 2020, November 3, 2020, November 4, 2020, and November 18, 2020. (*See* Dkt. #24, p. 7, ¶¶25-26). Sumpter and Navarro County Human Resources Coordinator Julie Wright denied the requests and provided no alternatives. *Id*. Supmter also retaliated against Plaintiff by denying Plaintiff's request for sick time, without explanation. *Id*., at p. 7, ¶27.

8. Plaintiff returned to his work place and worked out of the office for several months, and also travelled out of town when directed. (*See* Dkt. #24, p. 7, ¶¶28-29). While other employees were afforded an opportunity to work from home, Plaintiff was required to work inside the office. *Id*. Plaintiff made specific requests to work remotely but was denied by Sumpter and required to travel to Amarillo for work projects on August 3-7, 2020, and September 6-8, 2020. *Id*., at pp. 7-8, ¶30. On October 7, 2020, Sumpter required Plaintiff to work in the office 4 days per week, but other employees were allowed to continue working from home. *Id*., at p. 8, ¶31. Plaintiff requested an accommodation to work remotely, but was denied by Sumpter. *Id.*

9. On October 17, 2020, Plaintiff discovered a data breach and intrusion to Texoma HIDTA, and fixed the breach in accordance with ONDCP Policy Guidelines. (*See* Dkt. #24, p. 8, ¶32). On October 29, 2020, Sumpter removed Plaintiff's access for remote login to his work. *Id.,* at p. 8, ¶33. Plaintiff was disconnected from all Texoma HIDTA servers, had no email access, and was not permitted to return to the office. *Id.* Plaintiff was also suspended because of his requests for accommodations due to disabilities. *Id.*

10. Plaintiff has a sincere religious belief to pray for spiritual protection and guidance. (*See* Dkt. #24, p. 8, ¶34). Due to stress from work and health challenges, Plaintiff had been praying and fasting. *Id*. During periods of fasting and praying, Plaintiff wears a Tallit and

Kippah. *Id*. Plaintiff met with Lance Sumpter and Keith Brown on November 4, 2020, to discuss a work matter. *Id*., at p. 9, ¶35). Sumpter questioned Plaintiff about his appearance and Plaintiff replied that he was an observant Messianic Jew. *Id*. Sumpter told Plaintiff that he thought all Black people were Southern Baptist. *Id*. Sumpter then told Plaintiff to remove his Tallit and Kippah, as it was disrespectful. *Id.* Plaintiff told Sumpter that he would not do that. *Id.* Sumpter than asked Plaintiff about his religious beliefs and practices and if he intended to pray in the same manner during all spiritual challenges. *Id*. It was apparent to Plaintiff that Plaintiff's religious beliefs conflicted with Sumpter's beliefs. *Id*. Plaintiff asked to be able to wear his Tallit and Kippah and Sumpter denied the request. *Id*. Plaintiff was terminated from Texoma HIDTA because of his requests for accommodations for his disabilities, health concerns, and religious beliefs. *Id*.

11.     Plaintiff and his wife met with Julie Wright on November 18, 2020, to report Plaintiff's allegations of religious and disability discrimination (*See* Dkt. #24, p. 9, ¶36). On November 23, 2020, Plaintiff filed an online complaint with the Equal Employment Opportunity Commission. *Id*., at Dkt. #1, p. 9, ¶37. Plaintiff's employment was terminated on December 28, 2020, by letter from Julie Wright. *Id*., at Dkt. #1, pp. 9-10, ¶38. Prior to the December 28, 2020, termination letter, Plaintiff had not ever had any employment-related issues or verbal or written warnings. *Id.,* at p. 10, ¶39.

11.     Plaintiff contends that the above-described actions constitute religious discrimination, in violation of Title VII and the TCHRA. (*See* Dkt. #24, pp. 10-11, ¶¶41-44; and p. 13, ¶53-55). Plaintiff further contends that the above-described actions constitute disability discrimination, in violation of the ADA and the TCHRA. *Id*., at pp. 11-13, ¶¶45-52; and pp. 13-14, ¶57). Plaintiff also asserts a claim for unlawful retaliation under the ADA, the Rehabilitation

Act, and the TCHRA. *Id.*, at pp. 14-15, ¶¶58-60.

## V.
## ARGUMENT AND AUTHORITIES

### A.     The Standard for a Motion to Dismiss

To survive a motion to dismiss, a plaintiff must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Determining plausibility is a context-specific task and must be performed in light of a court's judicial experience and common sense. *Id.*

A plaintiff's obligation in response to a motion to dismiss is to provide the grounds for his entitlement to relief which requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). A plaintiff must allege sufficient facts to create more than a mere possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The court should dismiss a complaint if it lacks an allegation regarding one of the required elements of a cause of action. *See Keane v. Fox TV Stations, Inc.*, 297 F. Supp. 2d 921, 925 (S.D. Tex. 2004) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

A court should begin its analysis by identifying the allegations in the complaint that are

not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. A court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). The court need only accept as true the "well-pleaded" facts in a plaintiff's complaint. *Papasan*, 478 U.S. at 283; *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018). To be "well pleaded," a complaint must state specific facts to support the claim, not merely conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679; *Tuchman v. DSC Comm. Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) (Plaintiff must plead "specific facts, not merely conclusory allegations."); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 244 (5th Cir. 2009).

**B.        Elements of Plaintiff's Claims**

### 1) Religious Discrimination Claims Under Title VII and the TCHRA

Under Federal law, Title VII dictates that it is unlawful for an employer to "fail or refuse to hire, or to discharge any individual, or otherwise to discriminate with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In the absence of direct evidence of discrimination, a Title VII claim is analyzed under the burden-shifting framework set out in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).

In order to establish a prima facie case of religious discrimination under Title VII, Plaintiff must establish that: (1) he held a bona fide religious belief; (2) his belief conflicted with a requirement of his employment; (3) his employer was informed of his religious belief; and (4) he suffered an adverse employment action for failing to comply with the conflicting employer requirement. *Tagore v. United States*, 735 F.3d 324, 329 (5th Cir. 2013) (*citing Bruff v. N. Miss. Health Servs., Inc.*, 244 F.3d 495, 499, n. 9 (5th Cir. 2001). The same showing is required for

Plaintiff's religious discrimination claim under the TCHRA. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403, n. 2 (5th Cir. 1999) ("[T]he law governing claims under the TCHRA and Title VII is identical.").

### 2) Disability Discrimination Claims Under the ADA, Rehabilitation Act, and the TCHRA

The Americans with Disabilities Act prohibits discrimination in employment on the basis of actual or perceived disability. *See* 42 U.S.C. §12111. "Merely having an 'impairment' does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 at 195 (2002). Instead, the impairment must substantially limit the individual. *Milton v. Texas Dep't. of Crim. Justice,* 707 F.3d 570, 573 (5th Cir. 2013) (citing *EEOC v. Argo Distribution, LLC*, 555 F.3d 462 at 469 (5th Cir. 2009)). A person is disabled under the ADA if he: (1) has a physical or mental impairment that substantially limits one or more of the major life activities, (2) has a record of such impairment, or (3) is regarded as having such an impairment. *See* 42 U.S.C. § 12102(2). This definition is strictly interpreted. *Carmona v. Southwest Airlines Co.*, 604 F.3d 848, 855 (5th Cir. 2010). "'Substantially limits' means a person is '[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.'" *Milton,* 707 F.3d at 573 (quoting 29 C.F.R. § 1630.2(j)(1)(ii) (2008)). "A person is substantially limited from working if he or she is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Still v. Freeport-McMoran, Inc.*, 120 F.3d 50, 52 (5th Cir.1997) (quoting 29 C.F.R. § 1630.2(j)(3)(I)).

To establish an ADA claim for failing to accommodate a disability[1], a plaintiff must show: (1) he is a qualified person with a disability; (2) the disability and its limitations were known to the employer; and (3) the employer failed to make reasonable accommodations for such known limitations. *Feist v. LA., Dep's if Justice, Office of the Atty. Gen.,* 730 F.3d 450, 452 (5th Cir. 2013). The elements for a disability claim for failure to accommodate under the Rehabilitation Act are the same as those under the ADA. *Jin Choi v. Univ. of Tex.Health Sci. Ctr. At San Antonio*, 633 Fed.Appx. 214, 215 (5th Cir. 2015) (per curiam); *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

Under the TCHRA, a disability claim for failure to accommodate requires a plaintiff to show: (1) he is a person with a disability; (2) the employer had notice of the disability; (3) the plaintiff could perform the essential functions of the position with reasonable accommodations; and (4) the employer refused to make the accommodations. *Tex.Dep't. of State Health Servs. v. Rockwood*, 468 S.W.3d 147, 154-55 (Tex.App.-San Antonio 2015, no pet.)

### 3) Retaliation Claims Under Title VII, the ADA, the Rehabilitation Act, and the TCHRA

To state a retaliation claim under Title VII, a plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered a materially adverse action; and (3) that a causal link exists between the protected activity and adverse action. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 67-68 (2006); *Baker v. American Airlines, Inc.,* 430 F.3d 750, 755 (5th Cir. 2005). To state a claim for unlawful retaliation under the ADA, a plaintiff must establish: (1) that he engaged in an ADA protected activity; (2) that he suffered an adverse employment action and (3) that there is a causal connection between the adverse employment action and the

---

[1] Plaintiff has represented to the Court that he is only pursuing a claim for a failure to accommodate a disability, not for disability discrimination. (*See* Dkt. #21, pp. 12 and 14 (where Plaintiff states he is pursuing a failure to accommodate claim, not a disability discrimination claim); and Dkt. #23, p. 11, n. 10 (where the Court acknowledges this)).

protected activity. *Lyons v. Kary Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020). A plaintiff must prove the same elements for unlawful retaliation claims under the Rehabilitation Act and the TCHRA. *See, e.g.*, *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) ("jurisprudence interpreting either section [referring to §504 of the Rehabilitation Act and Title II of the ADA] is applicable to both."); and *Rodriguez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 473-74 (5th Cir. 2006) (recognizing that courts look to Federal ADA precedent when interpreting the disability discrimination provisions of the TCHRA).

### 4) Rehabilitation Act Requires Federal Financial Assistance

The Rehabilitation Act expressly provides that no otherwise qualified individual with a disability "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination *under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.*" *See* 29 U.S.C. §794(a) (emphasis added). Thus, to be subject to the provisions of the Rehabilitation Act, an employer must be the recipient of financial assistance from the United States government.

### C.  Plaintiff's First Amended Complaint Fails to Adequately Plead Any Claims

As set forth below, Plaintiff's First Amended Complaint fails to sufficiently plead any claims for which relief can be granted. As such, Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 1)  Plaintiff's Religious Discrimination Claim

Plaintiff has failed to adequately plead a religious discrimination claim under Title VII or the TCHRA. Plaintiff's only specific, non-conclusory allegations in this regard are: that he customarily wore a Tallit and Kippah when fasting and praying: that he wore the Tallit and Kippah to a work meeting with Sumpter and Brown; that Sumpter asked Plaintiff about his

appearance; that Plaintiff told Sumpter he was a Messianic Jew; that Sumpter asked Plaintiff remove his Tallit and Kippah; that Plaintiff refused to remove his Tallit and Kippah; that Plaintiff asked to be able to wear his Tallit and Kippas and Sumpter denied the request, and that Plaintiff believes his religious beliefs conflict with Sumpter's religious beliefs. (*See* Dkt. #24, pp. 8-9, ¶¶34-35).

These are simply not sufficient allegations that Plaintiff possessed a specific religious belief that conflicted with an employment requirement of Defendant, nor that Plaintiff advised Defendant of such a conflict, nor that Defendant thereafter took adverse action against Plaintiff because he refused to comply with any conflicting employment requirement, all of which are required to state a religious discrimination claim. *Tagore*, 735 F.3d at 329; *Bruff v*, 244 F.3d at 499, n. 9; *Shackelford*, 190 F.3d at 403, n. 2.   Plaintiff is either completely silent as to these elements, or pleads only generalized, conclusory statements about them. *See* Dkt. #24, pp. 8-9, ¶¶34-35, and 38) Such pleadings are insufficient to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 570. This Court has already found that substantially similar allegations made by Plaintiff in his Original Complaint were insufficient to state a religious discrimination claim. (See Dkt. #23, pp. 9-10) All of Plaintiff's religious discrimination claims under Title VII and the TCHRA must be dismissed.

### 2)     Plaintiff's Failure to Accommodate a Disability Claim

Plaintiff's First Amended Complaint also fails to adequately plead a failure to accommodate disability claim under the ADA, TCHRA, or Rehabilitation Act. Plaintiff's First Amended Complaint provides more details and discussion regarding Plaintiff's purported disabilities than did the Original Complaint. (*See* Dkt. #24, pp. 3-4, ¶¶9-14). However, Plaintiff fails to adequately allege that he ever requested an accommodation because of any specific *disability*. Rather, Plaintiff only pleads that he asked for the accommodation of working

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Brief                                  Page 10
(29740/731172/sdh)

remotely, *due to COVID-19 concerns*, not because of any substantial limitation on major life activities arising from his purported disabilities. (*See* Dkt. #24, p. 6, ¶¶20 and 22; p. 12, ¶51).[2] Plaintiff has therefore failed to adequately plead that Defendant denied an accommodation for a disability limitation, which is required to state a failure to accommodate claim under the ADA, Rehabilitation Act, and TCHRA. *Feist,* 730 F.3d at 452; *Jin Choi*, 633 Fed.Appx. at 215; *Cadena*, 946 F.3d at 723.

Plaintiff does make conclusory allegations that he "requested reasonable accommodations" for his hearing and PTSD disabilities that were not related to COVID-19 concerns. (*See* Dkt. #24, p. 7, ¶¶25-26). However, Plaintiff only broadly alleges that he made such requests for accommodations and they were denied. Plaintiff provides no specific factual allegations regarding the nature of the PTSD and hearing loss major life activity limitations that were at issue, why they necessitated an accommodation from Defendant, what sort of accommodations were requested, nor how or why the requested accommodations were refused. *Id*. In the absence of such specific factual allegations, Plaintiff's pleadings are improper conclusions that are insufficient to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678-79; *Tuchman,* 14 F.3d at 1067.

For these reasons, Plaintiff's First Amended Complaint fails to properly allege any claim for a failure to accommodate a disability under the ADA, Rehabilitation Act, or TCHRA. All such claims should therefore be dismissed.

### 3) Plaintiff Fails to Adequately Plead a Retaliation Claim

Plaintiff has also failed to sufficiently plead a retaliation claim under Title VII, the ADA, the Rehabilitation Act, or the TCHRA. Plaintiff's complaint does not contain specific factual

---

[2] The Court has already noted that Plaintiff's requests for accommodation based on COVID-19 concerns do not implicate a protected "disability". (*See* Dkt. #23, pp. 21-22, and n. 18).

allegations establishing that he engaged in any protected activity, nor specifically plead any causal link between that protected activity and an adverse employment action by Defendant, which are required to state a retaliation claim under those statutes. *White*, 548 U.S. at 67-68; *Baker,* 430 F.3d at 755; *Lyons*, 964 F.3d at 304; *Hainze*, 207 F.3d at 799; *Rodriguez*, 436 F.3d at 473-74

In regards to disability retaliation, Plaintiff's pleadings do not adequately allege that he ever made an accommodation request based on any "disability", as defined by law, but instead only requested to work remotely due to COVID-19 concerns. (*See* Dkt. #24, p. 6, ¶¶20 and 22; p. 12, ¶51).[3] Likewise, Plaintiff had not sufficiently pled that he ever requested an accommodation for a sincerely held religious belief that conflicted with a workplace requirement. *Id*., at pp. 8-9, ¶¶34-35.

In any event, Plaintiff's First Amended Complaint does not sufficiently pled a causal connection between any alleged protected activity and an adverse employment action by Defendant. (*See* Dkt. #24). This Court has already found that virtually identical allegations that were made in Plaintiff's Original Complaint failed to properly plead such a causal connection. (*See* Dkt. #23, pp. 22-23). A similar conclusion is compelled here.

For these reasons, Plaintiff's First Amended Complaint fails to plead any unlawful retaliation claim under Title VII, the ADA, the Rehabilitation Act, or the TCHRA. All such claims must therefore, be dismissed.

### 4) Plaintiff's Rehabilitation Act Claim

As noted above, the Rehabilitation Act prohibits disability discrimination by "any program or activity *receiving Federal financial assistance*…" *See* 29 U.S.C. §794(a) (emphasis

---

[3] The Court has already found that a request for accommodation based on COVID-19 concerns is not protected activity that can support a disability retaliation claim. (*See* Dkt. #23, pp. 21-22, and n. 18).

added). Plaintiff's First Amended Complaint contains no allegations allege that Navarro County is a program or activity receiving such assistance. (*See* Dkt. #24) For this reason, as well, Plaintiff has failed to plead any cause of action under the Rehabilitation Act, and those claims must be dismissed. *See, e.g.*, *Lehman v. UPS*, 443 F. Supp. 2d 1146 (W.D. Mo. 2006); *Kimiko P. v. Alta Cal. Reg'l Ctr.*, 2020 U.S. Dist. LEXIS 194628 (E.D. Cal. Oct. 19, 2020).

## VI.
### PLAINTIFF IS NOT ENTITLED TO AMEND HIS COMPLAINT AGAIN

Finally, Plaintiff is not entitled to any further opportunity to amend his complaint. Plaintiff has already, at the direction of the Court, amended his complaint once in response to a motion to dismiss filed by Defendant. (*See* Dkt. #23, pp. 23-24; and Dkt. #24). Courts routinely dismiss lawsuits with prejudice when a plaintiff has been afforded an opportunity to amend a complaint but still failed to state viable claims. *See*, *e.g.*, *Doe v. Dallas Indep. Sch. Dist.*, 194 F. Supp. 3d 551, 568 (N.D. Tex. 2016) (dismissing with prejudice claims in plaintiff's first amended complaint after plaintiff had been given an opportunity to re-plead the claims); *Flying Crown Land Group v. Reed*, No. 3:15-CV-1225-M, 2015 WL 9266903, at *4 (N.D. Tex. Dec. 18, 2015) (same); *U.S. ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:13-CV-1894-B, 2014 WL 1407584, at *5 (N.D. Tex. Apr. 11, 2014) (same); *Duncan v. Citimortgage, Inc.*, No. 3:12-CV-2652-L, 2014 WL 1295088, at *1 (N.D. Tex. Mar. 28, 2014) (Lindsay, J.) (same).

## VII.
### CONCLUSION

For the reasons set forth above, Plaintiff's claims must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant this motion to dismiss Plaintiffs' claims for failure to state a claim upon which relief can be granted, and that Plaintiff's causes of action against the County be dismissed, with prejudice to the refiling of same; Defendant further prays that Plaintiff take nothing by this suit; that all relief requested by Plaintiff be denied; and that Defendant recover all costs of suit; as well as for such other and further relief, both general and special, at law or in equity, to which Defendant may show itself to be justly entitled.

    Respectfully submitted,

    */s/ Stephen D. Henninger*
    **THOMAS P. BRANDT**
    State Bar No. 02883500
    tbrandt@fhmbk.com
    **STEPHEN D. HENNINGER**
    State Bar No. 00784256
    shenninger@fhmbk.com
    **FANNING, HARPER, MARTINSON,**
    **BRANDT & KUTCHIN, P.C.**
    Two Energy Square
    4849 Greenville Ave. Suite 1300
    Dallas, Texas 75206
    (214) 369-1300 (office)
    (214) 987-9649 (telecopier)
    **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's ECF/CM system and/or Rule 5 of the Federal Rules of Civil Procedure, on June 17, 2022.

    */s/ Stephen D. Henninger*
    **STEPHEN D. HENNINGER**