# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **RICK MILTEER,** | § | |
| Plaintiff, | § | |
| | § | |
| | § | **Civil Action No. 3:21-CV-02941-D** |
| | § | |
| | § | |
| **NAVARRO COUNTY, TEXAS,** | § | |
| Defendant. | § | |

## DEFENDANT NAVARRO COUNTY'S REPLY TO RESPONSE TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Navarro County, Texas ("Defendant," "Navarro County", or the "County"), and files its Reply to Plaintiff's Response and Brief to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. #24).   In support thereof, Defendant respectfully shows as follows:

## I.

## REPLY TO RESPONSE

### A.     Plaintiff's Pleading Obligations

Plaintiff's response implies that the *McDonnell Douglas* prima facie case standard has no relevance to the Court's analysis of the sufficiency of Plaintiff's pleadings.  (*See* Dkt. #32, pp. 4-5). This is incorrect. The very cases that Plaintiff cite to indicate that while a plaintiff does not "have to present evidence to establish a prima facie case of discrimination" at the 12(b)(6) stage, the plaintiff must still "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467,  470 (5th Cir. 2016).  "In that inquiry, it can be helpful to reference the *McDonnell Douglas*

framework…" *Id.*; *see also Jenkins v. State Workforce Commission*, 713 Fed.Appx.242, 244 (5th ir. 2017 (citing to *Chhim*, 836 F.3d at 470)).   The *McDonnell Douglas* framework thus is pertinent in the Court's analysis of the sufficiency of Plaintiff's pleadings.

**B.     Plaintiff's First Amended Complaint Fails to State Viable Claims**

**1)   <u>Plaintiff Has Not Pled a Viable Religious Discrimination Claim</u>**

Plaintiff's response fails to demonstrate that he has adequately alleged a religious discrimination claim under Title VII or the Texas Commission on Human Rights Act ("TCHRA"). Plaintiff argues that he has adequately pled a failure to accommodate religious discrimination claim under those statutes. (*See* Dkt. #32, pp 5-7; and 15-16).  He has not.

As Plaintiff acknowledges, to state such a claim he must plead: (1) that he had a *bona fide* religious belief that conflicted with some employment requirement; (2) that he advised his employer of this religious belief; and (3) that he was discharged for not complying with the conflicting employment requirement. *Antoine v. First Student, Inc*., 713 F.3d 824, 831 (5th Cir. 2013); *see also Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, note 5 (Tex. 2018) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 633-34 (Tex. 2012) (wherein the Texas Supreme Court notes that courts should look to Federal law when applying the TCHRA).

Review of Plaintiff's allegations regarding religious discrimination reveals he has not pled sufficient facts on any of these elements. As noted in Defendant's motion to dismiss, the only non-conclusory allegations Plaintiff makes in this regard are: that he customarily wore a Tallit and Kippah when fasting and praying: that he wore the Tallit and Kippah to a work meeting with Sumpter and Brown; that Sumpter asked Plaintiff about his appearance; that Plaintiff told Sumpter he was a Messianic Jew; that Sumpter asked Plaintiff remove his Tallit

and Kippah; that Plaintiff refused to remove his Tallit and Kippah; that Plaintiff asked to be able to wear his Tallit and Kippa and Sumpter denied the request, and that Plaintiff believes his religious beliefs conflict with Sumpter's religious beliefs. (*See* Dkt. #24, pp. 8-9, ¶¶34-35).

Plaintiff does not allege that he possessed a specific religious belief that conflicted with an employment requirement of Defendant, nor that Plaintiff advised Defendant of such a conflict, nor that Defendant took adverse action against Plaintiff because  he refused to comply with any conflicting employment requirement, all of which are required to state a religious discrimination claim. *Tagore v. United States*, 735 F.3d 324, 329 (5th Cir. 2013) (*citing Bruff v. N. Miss. Health Servs., Inc.*, 244 F.3d 495, 499, n. 9 (5th Cir. 2001); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403, n. 2 (5th Cir. 1999).  It is important to note that while Plaintiff's *response to the motion to dismiss* asserts that he "was informed wearing a Tallit and Kippah was in conflict with his supervisor's requirements for work" and that he asked his supervisor if he could wear his Tallit and Kippah as "as part of his religious expression" (*see* Dkt. #32, p. 6), Plaintiff's *First Amended Complaint* contains no such allegations. (*See* Dkt. #24, pp. 8-9, ¶¶34-35).

As noted in Defendant's motion to dismiss, the Court has already found that substantially similar allegations that were made by Plaintiff in his Original Complaint were insufficient to state a religious discrimination claim.   (Dkt. #23, pp. 9-10).   All of Plaintiff's religious discrimination claims under Title VII and the TCHRA must therefore be dismissed.

### 2)  Plaintiff Has Not Pled a Viable Disability Discrimination Claim

Plaintiff's response also fails to demonstrate that he has adequately alleged a disability discrimination claim under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, or the TCHRA. All of Plaintiff's disability discrimination claims must be dismissed.

First, while Plaintiff's First Amended Complaint provides more detail regarding his alleged disabilities than were in his Original Complaint (*see* Dkt. #24, pp. 3-4, ¶¶9-14), those allegations are nonetheless overbroad, general and vague, and fail to describe with sufficient specificity how his alleged conditions substantially limit Plaintiff's major life activities, which is required to state a disability claim. *Milton v. Texas Dep't. of Crim. Justice,* 707 F.3d 570, 573 (5th Cir. 2013); *Carmona v. Southwest Airlines Co*., 604 F.3d 848, 855 (5th Cir. 2010). The allegations are therefore insufficient to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Regardless, Plaintiff's First Amended Complaint fails to state a disability discrimination claim under the ADA, Rehabilitation Act, or TCHRA because Plaintiff alleges he was denied an accommodation of working remotely *due to COVID-19 concerns*, not because of any substantial limitation on major life activities arising from his purported disabilities. (*See* Dkt. #24, p. 6, ¶¶20 and 22; p. 12, ¶51). The Court has previously recognized that COVID-19 concerns do not implicate a protected  disability. (*See* Dkt. #23, pp. 21-22, and n. 18).

In his response, Plaintiff cites to cases finding that a disability discrimination claim may possibly be based on allegations that recognized "disabilities", as defined by the relevant statutes, place a person at an increased risk of severe COVID-19 infection or death. (Dkt. #32, pp. 9-10).  Review of these cases, however, reveal that in all of them there were detailed, specific allegations and/or evidence establishing: the nature of the disabilities; that the specific disabilities placed a person at an increased risk of severe COVID-19 infection; and the knowledge of those facts by the employer. *See DiFranco v. City of Chicago*, 2022 U.S. DIST. LEXIS 39138 at *2-4, and *13 (N.D.-Ill., Eastern Division, March 7, 2022); *Valentine v. Collier*, 2020 U.S. Dist. LEXIS 116267 at *5-6 (S.D. Texas-July 2, 2020); *Peeples v. Clinical Support*

*Options, Inc.*, 487 F.Supp.3d 56 (D. Mas.s-2020); *Silver v. City of Alexandria*, 470 F.Supp.3d 616 (W.D.-La.-2020).

Plaintiff's First Amended Complaint, by contrast, makes no such allegations or claims. (*See* Dkt. #24, pp. 3-4, ¶¶9-14; pp. 5-6, ¶¶20 and 22; and p. 12, ¶51). To the contrary, Plaintiff expressly pleads that he was uncomfortable sharing any details about his disabilities or medical conditions with his employer. *Id.*, at p. 5, ¶19.  In fact, the only purported disabilities that Plaintiff claims he shared with his employer were his cancer remission, invasive throat surgery, hearing loss, and PTSD. *Id.*, at p. 5, ¶20.  None of these alleged disabilities, however, are alleged by Plaintiff to place him at an increased risk of COVID-19 infection or death. *Id.*, at pp. 3-4, ¶¶9-12. Thus, Plaintiff's First Amended Complaint fails to adequately allege he was denied an accommodation based on a "disability", rather that on general COVID-19 concerns. As such, Plaintiff's disability discrimination claims under the ADA, Rehabilitation Act, and TCHRA must all be dismissed.

### 3)  Plaintiff Has Not Pled a Viable Retaliation Claim

Plaintiff's response also fails to demonstrate that he has adequately alleged a retaliation claim under Title VII, the ADA, the Rehabilitation Act, or the TCHRA.  Plaintiff must plead that he engaged in some sort of protected activity under the statutes under which he is suing for retaliation, and that there is a causal link between the protected activity and the alleged adverse employment action. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 67-68 (2006); *Molden v. East Baton Rouge Parish School Board*, 715 Fed.Appx. 310, 318 (5th Cir. 2017); *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 376-77 (Tex.App.-Ft. Worth 2006); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); Dkt. #21, pp. 20-22.

Plaintiff's First Amended Complaint does not adequately plead that he engaged in protected activity by requesting accommodations based on his disabilities or based on his religious beliefs. As to disability retaliation, Plaintiff argues that he has pled that he was retaliated against for requesting an accommodation due to disabilities that made him more susceptible to severe COVID-19 infection or death. (Dkt. #32, p. 19). As discussed, *supra*, however, Plaintiff has not adequately pled that he suffered from disabilities that made him more susceptible to severe COVID-19 infection or death, nor that Defendant was aware of those disabilities and their effect on Plaintiff's COVID susceptibility, nor that Plaintiff requested an accommodation because of those specific disabilities that made him more susceptible to severe COVID-19 infection or death. (*See* Dkt. #24, pp. 3-4, ¶¶9-14; pp. 5-6, ¶¶19-20 and 22; and p. 12, ¶51). Thus, all Plaintiff has pled is that he requested an accommodation due to general COVID-19 concerns.  This is not, as the Court has already found, protected activity that can support a disability retaliation claim. (*See* Dkt. #23, pp. 21-22, and n. 18).

Nor has Plaintiff adequately pled that he ever requested an accommodation for his religious beliefs.   Plaintiff's only specific allegations regarding religion are: (1) that he customarily wore a Tallit and Kippah when fasting and praying: (2) that he wore the Tallit and Kippah to a work meeting with Sumpter and Brown; (3) that Sumpter asked Plaintiff about his appearance; (4) that Plaintiff told Sumpter he was a Messianic Jew; that Sumpter asked Plaintiff remove his Tallit and Kippah; (5) that Plaintiff refused to remove his Tallit and Kippah; (6) that Plaintiff asked to be able to wear his Tallit and Kippa and Sumpter denied the request; and (7) that Plaintiff believes his religious beliefs conflict with Sumpter's religious beliefs. (*See* Dkt.

#24, pp. 8-9, ¶¶34-35).[1]  These pleadings do not sufficiently establish Plaintiff ever requested an accommodation for a sincerely held religious belief that conflicted with a workplace requirement.

Moreover, Plaintiff still fails to adequately plead any causal connection between alleged protected activity and an adverse employment action.  Plaintiff's allegations in this regard are virtually identical to those made in his Original Complaint, allegations this Court has already found do not properly allege causation for a retaliation claim. (*See*, and compare, Dkt. #1; and Dkt. #24; and see Dkt. #23, pp. 22-23).  As such, Plaintiff's unlawful retaliation claims under Title VII,  the ADA, the Rehabilitation Act, and the TCHRA  must be dismissed.

### 4)  Plaintiff Has Failed to Plead that the  Rehabilitation Act Applies

Plaintiff's response also fails to demonstrate that he has adequately alleged a claim under the Rehabilitation Act. As noted in Defendant's motion, the Rehabilitation Act prohibits disability discrimination by "any program or activity receiving Federal financial assistance…" *See* 29 U.S.C. §794(a).  Plaintiff's First Amended Complaint contains no allegations alleging that Navarro County is a program or activity receiving such assistance. (*See* Dkt. #24).

Plaintiff's response argues that the allegations in his Original Complaint are sufficient to establish that Navarro County received Federal financial assistance. (Dkt. #32, pp. 13-15). First, the allegations in Plaintiff's Original Complaint, whatever they might have been, are irrelevant to the determination of Defendant's Motion to Dismiss, as Plaintiff's Original Complaint has been superseded by his First Amended Complaint, and it is the First Amended Complaint to which Defendant's motion is directed. (*See* Dkt. #24; and Dkt. #28).

In any event, Plaintiff's Original Complaint failed to sufficiently plead any specific facts

---

[1] As noted, *supra*, Plaintiff has **not** pled, though he claims in his response that he did (*see* Dkt. #32, p. 6), that he "was informed wearing a Tallit and Kippah was in conflict with his supervisor's requirements for work",  nor that he asked his supervisor if he could wear his Tallit and Kippah as "as part of his religious expression."

demonstrating that Defendant falls within the statute because the County received Federal financial assistance.  Plaintiff's response to the motion to dismiss claims that his Original Complaint alleged that "[t]he HIDTA program is administered by the Office of National Drug Control Policy (OCNDP)"; that "[t]he HIDTA budget was $290 million"; that "[f]unding for the HIDTA program is provided by direct appropriation to the HIDTA subaccount under the ONDCP account"; and "Texoma HIDTA receives federal financial assistance, and thus, it may be sued under the Rehabilitation Act." (Dkt. #32, p. 13).

Plaintiff's Original Complaint, however, contained **no** such allegations. All Plaintiff actually pled in his Original Complaint was that the High Intensity Drug Trafficking Area ("HIDTA") was a "Federal program that was created by Congress in 1988 with the purpose of coordinating and assisting other Federal, State, Local and Tribal law enforcement agencies"; and that the Texoma HIDTA "is Navarro County's branch of the High Intensity Drug Trafficking Areas federal program." (Dkt. #1, p. 2, ¶3.2).  Plaintiff's Original Complaint pled no specific facts establishing that Navarro County receives the necessary Federal financial assistance to bring it within the purview of the Rehabilitation Act.

Thus, to the extent review of Plaintiff's Original Complaint is even pertinent to Defendant's Motion to Dismiss Plaintiff' First Amended Complaint, the Original Complaint failed to adequately plead Navarro County is the recipient of Federal financial assistance. Plaintiff's claims under the Rehabilitation Act must therefore be dismissed.

## C.    Plaintiff Is Not Entitled to Leave to Amend His Complaint Again.

Plaintiff's response asks for leave to file yet more amended complaints in this matter. (Dkt. #32, pp. 1-2 and 22-23). Plaintiff is not entitled to leave to file a Second Amended Complaint, or any further amended pleading. While Federal Rule of Civil Procedure

15(a)(2) provides that leave to amend should be freely give, such leave is not automatic. In this regard, courts routinely dismiss lawsuits with prejudice when a plaintiff has been afforded an opportunity to amend a complaint but still failed to state viable claims. *See*, *e.g*., *Doe v. Dallas Indep. Sch. Dist*., 194 F. Supp. 3d 551, 568 (N.D. Tex. 2016) (dismissing with prejudice claims in plaintiff's first amended complaint after plaintiff had been given an opportunity to re-plead the claims); *Flying Crown Land Group v. Reed*, No. 3:15-CV-1225-M, 2015 WL 9266903, at *4 (N.D. Tex. Dec. 18, 2015) (same); *U.S. ex rel. Wismer v. Branch Banking & Trust Co*., No. 3:13-CV-1894-B, 2014 WL 1407584, at *5 (N.D. Tex. Apr. 11, 2014) (same); *Duncan v. Citimortgage, Inc*., No. 3:12-CV-2652-L, 2014 WL 1295088, at *1 (N.D. Tex. Mar. 28, 2014) (Lindsay, J.) (same).

Plaintiff has already requested and been given leave to amend his complaint in this case, and has done so. (Dkt. #23, pp. 23-24; and Dkt. #24).  Moreover, Plaintiff was given this opportunity to amend after the Court had analyzed Plaintiff's Original Complaint and explicitly advised Plaintiff, not only that his pleadings were insufficient to state a claim, but *how and why* they were insufficient to state a claim. (*See* Dkt. #23).  Plaintiff provides no explanation or excuse for why he needs to correct his First Amended Complaint, which was prepared and filed *after* the Court's explicit findings and rulings on Plaintiff's pleading deficiencies in the Memorandum Opinion and Order of May 3, 2022.  Plaintiff has been given leave to address the inadequacy of his pleadings, has done so, and the First Amended Complaint should contain Plaintiff's best case. Plaintiff is simply not entitled to any further opportunity to amend his complaint, and Plaintiff has provided no sufficient reason why he should be allowed to do so. *See*, *e.g*., *In re Am. Airlines, Inc. v. Privacy Litig*., 370 F.Supp.2d 552, 567-68 (N.D. Texas 2005 (Fitzwater, J.)).

For these reasons, Plaintiff should be allowed no further opportunity to amend his complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant its motion to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted, and that Plaintiff's causes of action against Navarro County be dismissed, with prejudice to the refiling of same; Defendant further prays that Plaintiff take nothing by this suit; that all relief requested by Plaintiff be denied; and that Defendant recover all costs of suit; as well as for such other and further relief, both general and special, at law or in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

*/s/ Stephen D. Henninger*
**THOMAS P. BRANDT**
State Bar No. 02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No. 00784256
shenninger@fhmbk.com
**FANNING, HARPER, MARTINSON,**
**BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's ECF/CM system and/or Rule 5 of the Federal Rules of Civil Procedure, on September 20, 2022.

*/s/ Stephen D. Henninger*
**STEPHEN D. HENNINGER**