IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICK MILTEER,         §<br>                      §<br>     Plaintiff,       §<br>                      §   Civil Action No. 3:21-CV-2941-D<br> VS.                  §<br>                      §<br>NAVARRO COUNTY, TEXAS, §<br>                      §<br>     Defendant.      § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Rick Milteer ("Milteer") sues defendant Navarro County, Texas ("Navarro County"), alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. § 21.001 *et seq.* (West 2015). Milteer moves under Fed. R. Civ. P. 15 for leave to file a second amended complaint. For the reasons that follow, the court denies the motion.

I

In its prior memorandum opinion and order in this case, *Milteer v. Navarro County*, 2022 WL 1321555 (N.D. Tex. May 3, 2022) (Fitzwater, J.), the court granted Navarro County's motion to dismiss and also granted Milteer leave to amend his complaint. *Id.* at *1. Milteer filed his first amended complaint on May 31, 2022. On June 17, 2022 Navarro County filed a motion to dismiss Milteer's first amended complaint under Rule 12(b)(6) for

failure to state a claim on which relief can be granted. On September 1, 2022 Milteer filed both a response to Navarro County's motion to dismiss and the instant motion for leave to amend.

II

The court turns first to Milteer's motion for leave to amend his complaint pursuant to Rule 15.

A

Milteer requests leave to file a *second* amended complaint, and, if the court determines that his second amended complaint is deficient, a *third* amended complaint. Milteer explains that he "inadvertently removed facts [from his first amended complaint] regarding the Defendant's federal funding." P. Br. 2. Milteer's failure to include facts regarding Navarro County's federal funding became an issue when Navarro County (twice) raised this failure as a ground for dismissing Milteer's Rehabilitation Act claim (in its motions to dismiss Milteer's complaint and his first amended complaint). Milteer maintains that the court should freely give leave to amend when justice so requires, citing Rule 15(a)(2), and he points out that the court has previously granted him leave to amend. According to Milteer, "[a] third amendment to allow Plaintiff to cure any deficiencies will not unduly delay this case or cause prejudice to Defendant," and he cites *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), for the factors to be considered in Rule 15 decisions. P. Br. 2-3.

Navarro County responds that Milteer should not be given still another opportunity to amend his complaint because he has already had one. Navarro County emphasizes that

the court has already analyzed and advised Milteer of his complaint's deficiencies.

B

Neither party appears to recognize that Milteer's motion for leave to amend is untimely or that this fact impacts how the motion is analyzed. The scheduling order in this case set August 15, 2022 as the deadline for filing motions for leave to amend pleadings. Milteer filed his motion for leave to amend on September 1, 2022, after the deadline. "When, as here, the deadline to file a motion for leave to amend the pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard." *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, 2021 WL 4822017, at *2 (N.D. Tex. Oct. 15, 2021) (Fitzwater, J.) (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)). "If the movant[] satisf[ies] the requirements of Rule 16(b)(4), the court next determines whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that '[t]he court should freely give leave when justice so requires.'" *Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2021 WL 2434840, at *4 (N.D. Tex. June 15, 2021) (Fitzwater, J.) (quoting Rule 15(a)(2)). So the Rule 16(b)(4) good cause standard presents a hurdle that Milteer must surmount before he must satisfy the more liberal standard of Rule 15(a)(2).

"The court assesses four factors when deciding whether to grant an untimely motion for leave to amend: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and

(4) the availability of a continuance to cure such prejudice.'" *Sustainable Modular Mgmt., Inc.*, 2021 WL 4822017, at *2 (quoting *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted)). "The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Id.* (quoting *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012)). "The good cause standard 'require[s] the movant to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at *3 (quoting *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 488 (5th Cir. 2013) (per curiam)) (internal quotations and citations omitted). "Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to constitute 'good cause.'" *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Id*.

C

"When a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Aircraft Holding Sols., LLC*, 2021 WL 2434840, at *4 (quoting *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.)). Here, Milteer has "not only failed to meet the good cause standard required under Rule 16(b)(4) to obtain modification of the scheduling order, [he has] not even addressed that standard or the four-part test under which the court assesses whether to

- 4 -

amend the scheduling order." *Wachovia Bank*, 2010 WL 2671316, at *3. Milteer only asks the court for leave to amend his complaint because "[he] inadvertently removed facts regarding the Defendant's federal funding." P. Br. 2. Milteer offers no further explanation or justification for allowing him to file a second amended complaint. Milteer instead turns to his request for leave to file a third amended complaint and asserts that allowing him to file a third amendment "will not unduly delay this case or cause prejudice to Defendant," noting that the case has been on file for less than one year and that Navarro County has not yet filed an answer. *Id.* at 3. These contentions fail even to implicitly address the Rule 16(b) factors because Milteer does not explain the importance of this motion for leave beyond his own inadvertence. Because Milteer "file[d] an untimely motion for leave to amend and d[id] not address the good cause standard under Rule 16(b)(4)" in either his motion or a reply, the court "denies the motion for that reason alone." *Wachovia Bank*, 2010 WL 2671316, at *3; *see also Maiden Biosciences, Inc. v. MPM Med., Inc.*, 2019 WL 6036941, at *6 (N.D. Tex. Nov. 14, 2019) (Fitzwater, J.) (denying leave to amend where movant "fail[ed] to mention . . . Rule 16(b)(4) or good cause[.]").

III

Milteer also requests an opportunity to replead a third time if the court finds that he has still not pleaded sufficiently. To support his motion for leave to amend, Milteer cites only Rule 15 and offers brief argument under the relevant Rule 15 factors. Milteer's request lacks any specificity for why he has cause to amend a third time. Accordingly, without suggesting that Milteer can never satisfy the relevant Rule 16(b) good cause standard and

Rule 15 standard for obtaining leave to amend, the court denies his motion.

\*   \*   \*

Accordingly, the court denies Milteer's opposed motion for leave to file plaintiff's second amended complaint.

**SO ORDERED**.

October 18, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE