IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICK MILTEER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-2941-D |
| VS. | § | |
| | § | |
| NAVARRO COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this suit alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq*. (West 2015), defendant Navarro County, Texas ("Navarro County") moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff Rick Milteer's ("Milteer's") first amended complaint ("amended complaint"). For the reasons that follow, the court grants Navarro County's motion to dismiss Milteer's Rehabilitation Act claim but otherwise denies the motion.

I

Milteer, a practicing Messianic Jew, is a disabled veteran who has been diagnosed with hearing loss in both ears, cancer,[1] a throat tumor, post traumatic stress disorder ("PTSD"), hypertension, and diabetes.[2]  Defendant Navarro County hired him on March 11, 2013 to work as an Information Technology ("IT") manager in its Texoma High Intensity Drug Trafficking Areas ("HIDTA") division.  During his employment, Milteer's supervisor was Lance Sumpter ("Sumpter").

In May 2020, during the COVID-19 pandemic, Milteer underwent invasive surgery to remove a non-cancerous tumor in his throat.  Pursuant to Navarro County policy, he entered on the Texoma HIDTA office calendar the time he was taking off for his surgery and recovery, noting it as "sick" time.  On May 22, 2020 Sumpter contacted Milteer while he was recovering from surgery and asked him why he was out on sick leave.  Milteer felt forced to share with Sumpter that he was currently in remission for cancer, that he was recovering from invasive throat surgery, and that he had military service-connected disabilities, including hearing loss and PTSD.  Milteer asked Sumpter if he could remain at home and work remotely so that he could continue to recover from surgery and decrease his chances

[1]Milteer was diagnosed with kidney cancer in July 2016 and received treatment from August 2016 until November 2019.

[2]In deciding Navarro County's Rule 12(b)(6) motion, the court construes the amended complaint in the light most favorable to Milteer, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Milteer's favor.  *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004); *see also infra* § II.

of contracting COVID-19.  Sumpter denied the request, informing Milteer that he was required to work in the office 2-3 days per week.

On October 7, 2020 Milteer again asked for permission to work remotely because he "was a high-risk individual for COVID-19," Am. Compl. ¶ 22, due to his various health conditions.  Sumpter denied Milteer's request and informed him that he would be required to work in the office 4 days per week, even though all other Navarro County employees were permitted to work from home.

Unrelated to the COVID-19 pandemic, Milteer also requested "reasonable accommodations" related to his hearing disability and PTSD on October 26, November 3, November 4, and November 18, 2020.  *Id*. ¶ 25.  These requests were all denied.

On October 17, 2020 a data breach and intrusion was discovered.  Milteer proceeded to fix the breach in accordance with policy guidelines.  On October 29, 2020 Sumpter removed Milteer's remote login and email access, disconnected Milteer from all Texoma HIDTA servers, and informed Milteer that he was not permitted to go into the office.  Milteer alleges that he was suspended because of his many requests for reasonable accommodation due to his disabilities.

On November 4, 2020 Milteer met with Sumpter and another individual to discuss a work matter.  Milteer had been privately fasting and praying, and, as is customary during such a period, had worn his Tallit and Kippah to the meeting.  He alleges that, during the meeting, he was immediately questioned about his appearance, and after he informed Sumpter that he is an observant Messianic Jewish believer, Sumpter responded, "[y]ou

- 3 -

cannot be a Messianic Jew because Black people are Southern Baptist." *Id.* ¶ 35. Sumpter then told Milteer to remove his Tallit and Kippah because he thought it was disrespectful for the type of meeting he was conducting. Milteer declined. Sumpter also asked Milteer questions about his religious beliefs and practices, including whether Milteer intended to continue to pray in the same manner during all of his spiritual challenges. Milteer requested that he be able to wear his Tallit and Kippah at work, which Sumpter denied.

On November 18, 2020 Milteer and his wife met with Navarro County's Human Resources Coordinator, Julie Wright ("Wright"), to report allegations of religious and disability discrimination, including the lack of disability-related reasonable accommodations, retaliation, and harassment. Milteer filed a complaint with the Equal Opportunity Employment Commission ("EEOC") on November 23, 2020.

On December 28, 2020 Navarro County terminated Milteer. Wright stated in a letter: "this letter is to inform you that as of today, Dec. 28, 2020, we are terminating your employment with Navarro County. Your employment is at-will, which allows Navarro County to end the employer-employee relationship without notice and without reason." *Id.* ¶ 38. Prior to the December 28, 2020 letter, Milteer had never had any employment-related issues or had any verbal or written warnings in his nearly eight years of employment with Navarro County.

After Milteer received his right to sue letter from the EEOC, he filed this lawsuit against Navarro County. In *Milteer v. Navarro County, Texas* (*Milteer I*), 2022 WL 1321555 (N.D. Tex. May 3, 2022) (Fitzwater, J.), the court dismissed Milteer's complaint under Rule

12(b)(6), but it permitted Milteer to replead.  Milteer's amended complaint, filed May 31, 2022, alleges claims for religious discrimination, in violation of Title VII and the TCHRA; disability discrimination, in violation of the ADA and TCHRA; and retaliation, in violation of the ADA, Rehabilitation Act, and TCHRA.  Navarro County now moves to dismiss Milteer's amended complaint under Rule 12(b)(6).  Milteer opposes the motion, which the court is deciding on the briefs.[3]

## II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive Navarro County's motion to dismiss, Milteer must allege enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be

---

[3]Also pending before the court is Navarro County's motion for summary judgment, which was filed on January 5, 2023.  The court will decide that motion separately, after briefing is complete.

enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alterations adopted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555).

III

The court begins with Milteer's claims under Title VII and the TCHRA for discrimination based on religion.

A

"Title VII prohibits an employer from discriminating against an employee on the basis of [his] religion, unless the employer is unable to reasonably accommodate the employee's religious exercise without undue hardship to its business." *Tagore v. United States*, 735 F.3d 324, 329 (5th Cir. 2013) (citing 42 U.S.C. §§ 2000e-2(a)(1), 2000e(j)).[4]  When a plaintiff does not present direct evidence of discrimination, the court analyzes the claim using the

---

[4]"[T]he law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999) (citation omitted).

burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[5]   Under this framework, the plaintiff must establish a prima facie case of discrimination.  "To establish a prima facie case of religious discrimination under Title VII, the plaintiff must present evidence that (1) [he] held a bona fide religious belief, (2) [his] belief conflicted with a requirement of his employment, (3) [his] employer was informed of [his] belief, and (4) [he] suffered an adverse employment action for failing to comply with the conflicting employment requirement."  *Tagore*, 735 F.3d at 329 (citing *Bruff v. N. Miss. Health Servs., Inc*., 244 F.3d 495, 499 n.9 (5th Cir. 2001)).[6]

_____

[5]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible.").  To survive Navarro County's motion to dismiss, however, Milteer must plausibly plead the ultimate elements of his Title VII claim.  *See Chhim*, 836 F.3d at 370.  And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of his claim.  *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework.  In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . .  claim." (quoting *Chhim*, 836 F.3d at 470-71)).

[6]These are the required elements for a religious discrimination claim based on the allegation that an employer failed to accommodate its employee's religious belief.  Milteer appears to agree that he must satisfy these elements to prevail on his religious discrimination claims.  *See* P. Br. 5.  Accordingly, the court does not consider whether Milteer has alleged,

B

Navarro County moves to dismiss Milteer's religious discrimination claims on the ground that Milteer has not plausibly alleged that he possessed a specific religious belief that conflicted with an employment requirement of Navarro County, that he advised Navarro County of that conflict, or that Navarro County took adverse action against him because he refused to comply with any conflicting employment requirement.

In *Milteer I* the court dismissed Milteer's religious discrimination claims on the ground that he had failed to plausibly allege that he was terminated because of his religious practices, "particularly his wearing, and refusing to remove, his Tallit and Kippah during the November 4, 2020 meeting." *Milteer I*, 2022 WL 1321555, at *4. Milteer has satisfactorily addressed this pleading defect in his amended complaint. He alleges that, in accordance with his religion, he wore a Tallit and Kippah when fasting and praying; that he wore a Tallit and Kippah to the November 4, 2020 meeting; that he told Sumpter during this meeting that he was wearing a Tallit and Kippah because he was an observant Messianic Jew; that he requested permission to wear a Tallit and Kippah at work and Sumpter denied his request; that Sumpter asked Milteer to remove his Tallit and Kippah during the November 4, 2020

---

or could plausibly allege, a prima facie case of religious discrimination under a different theory. *See, e.g.*, *Pollak v. Lew*, 2013 WL 1194848, at *5 (S.D. Tex. Mar. 22, 2013) ("A prima facie case of race or religion discrimination requires the plaintiff to show that he: (1) is a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by someone who is not a member of the protected classes to which the plaintiff belongs or was treated less favorably than similarly situated employees of a different race or religion."), *aff'd*, 542 Fed. Appx. 304 (5th Cir. 2013).

meeting but Milteer refused; that several weeks later, Milteer's employment was terminated despite the fact that he had never had any employment-related issues or warnings during his eight years of employment with Navarro County; and that he "was discharged for his religious beliefs, and for wearing his Tallit and Kippah in the office when he was fasting and praying." Am. Compl. ¶ 44. When accepted as true and viewed in the light most favorable to Milteer, these allegations are sufficient to overcome a Rule 12(b)(6) motion to dismiss for failure to state a claim. The court therefore denies Navarro County's motion in this respect.

## IV

The court next considers Milteer's claims for disability discrimination under the ADA and TCHRA.[7]

## A

The ADA prohibits discrimination in employment against a qualified individual on the basis of his disability. *See* 42 U.S.C. § 12112(a). Under the ADA, to "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." *Id*. § 12112(b)(5)(A). Similarly, the

---

[7]Navarro County also moves to dismiss Milteer's disability claim brought under the Rehabilitation Act. But in the amended complaint, Milteer does not plead a disability discrimination claim under the Rehabilitation Act. *See* Am. Compl. ¶¶ 45-57 (alleging disability discrimination claims only under ADA and TCHRA). The only claim he pleads under the Rehabilitation Act is for retaliation, *see id.* ¶ 59, which the court addresses below, *see infra* § V.

TCHRA provides that it is unlawful for an employer "to fail or refuse to make a reasonable workplace accommodation to a known physical or mental limitation of an otherwise qualified individual with a disability . . . unless [the employer] demonstrates that the accommodation would impose an undue hardship on the operation of the business."  Tex. Lab. Code Ann. § 21.128(a).

To prevail on an ADA failure-to-accommodate claim,[8] a plaintiff must show that: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations."  *Feist v. La., Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (footnote and internal quotation marks omitted).  Under the TCHRA, to establish a claim "based on an employer's failure to provide a reasonable accommodation, the plaintiff must show: (1) [he] is an individual with a disability; (2) the employer had notice of the disability; (3) with reasonable accommodations [he] could perform the essential functions of the position; and (4) that the employer refused to make such accommodations."  *Tex. Dep't of State Health Servs. v. Rockwood*, 468 S.W.3d 147, 154-55 (Tex. App. 2015, no pet.).

---

[8]In the amended complaint, Milteer only alleges claims for failure to accommodate under the ADA and TCHRA.  *See* Am. Compl. ¶¶ 51, 57.  He does not allege that he was terminated or otherwise discriminated against because of his disabilities.

B

Navarro County moves to dismiss Milteer's disability discrimination claims on the ground that Milteer has failed to adequately allege that he requested an accommodation because of a specific *disability*, instead pleading only "that he asked for the accommodation of working remotely, *due to COVID-19 concerns*, not because of any substantial limitation on major life activities arising from his purported disabilities." D. Br. 10-11.

The court disagrees that Milteer has failed to plead that he requested an accommodation because of a specific disability. The ADA defines "disability" as (a) a physical or mental impairment that substantially limits one or more major life activities, (b) a record of such an impairment, or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(1); *see also* Tex. Lab. Code Ann. § 21.002(6) (defining "disability" to mean "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment."). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). The ADA Amendments Act of 2008 ("ADAAA"), provides, among other things, that the term "substantially limits" is to be interpreted as broadly as possible. *Id*. § 12102(4)(A)-(B). "Therefore, in order to adequately allege a disability under the ADA, a plaintiff must plead facts giving rise to an inference that his or her impairment 'substantially limits one or more "major life activities."'" *Luedecke v. Tenet*

- 11 -

*Healthcare Corp.*, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (Boyle, J.) (quoting *Hale v. King*, 642 F.3d 492, 500-01 (5th Cir. 2011)).

In his amended complaint, Milteer alleges, *inter alia*, that he had been diagnosed with diabetes and hypertension; that in the absence of mitigating measures like medication and a carefully-managed diet, his diabetes significantly limits him in the major life activities of eating and endocrine function; that in the absence of mitigating measures like medication, his hypertension condition significantly limits him in the major life activities of circulatory function, breathing, concentrating, thinking, communicating, and working; and that both diabetes and hypertension are "known risk factor[s] for a serious or fatal case of COVID-19," Am. Compl. ¶ 13, 14.  He also alleges that, on October 7, 2020, he

> asked for [a] reasonable accommodation that would permit him to work remote, given that he was a high-risk individual for COVID-19 due to his health conditions including recent invasive surgery, cancer diagnosis, diabetes, and hypertension. Milteer was concerned of contracting COVID-19 because it was spreading rapidly outside as well as within Defendant's place of employment.  Defendant denied his request.

*Id*. ¶ 22.

Without suggesting that, under more normal circumstances (i.e., outside the context of a global pandemic), medically-controlled cases of diabetes or hypertension would constitute "disabilities" under the ADA, the court concludes that Milteer's allegations are sufficient to plausibly allege a prima facie case of disability discrimination under the ADA

and TCHRA.[9]  Milteer asserts that he had at least two physical impairments[10]—diabetes and hypertension—that, when viewed in the unusual and narrow context of the COVID-19 pandemic, substantially limited his ability to work in an environment in which he could contract COVID-19; that he requested a reasonable accommodation based on these impairments, and that Navarro County denied his request.  *See, e.g.*, *People First of Ala. v. Merrill*, 491 F.Supp.3d 1076, 1158 (N.D. Ala. 2020) ("[*I*]*n the context of the COVID-19 pandemic*, [plaintiffs'] physical impairments [(including hypertension and diabetes)] are a qualifying disability under the ADA because their impairments substantially limit the major life activities of interacting with others or working." (emphasis added)); *Peeples v. Clinical Support Options, Inc*., 487 F.Supp.3d 56, 62 (D. Mass. 2020) (concluding on motion for preliminary injunction that plaintiff would likely prevail on "contention that [moderate asthma] is a disability, *at least during the COVID-19 pandemic*." (emphasis added)); *Silver v. City of Alexandria*, 470 F.Supp.3d 616, 621-22 (W.D. La. 2020) (noting that during COVID-19 pandemic, whether a plaintiff has a disability should be judged by the "totality

---

[9]The court suggests no view on whether Milteer will be able to prevail at the summary judgment stage or at trial on his ADA or TCHRA disability discrimination claim.

[10]Because Milteer has plausibly pleaded that he requested an accommodation related to at least two physical impairments (diabetes and hypertension) that substantially limited his ability to work during the COVID-19 pandemic, the court does not address Navarro County's contention related to Milteer's *other* requests for reasonable accommodations (related to his hearing loss and PTSD) that Milteer "provides no specific factual allegations regarding the nature of the PTSD and hearing loss major life activity limitations that were at issue, why they necessitated an accommodation from Defendant, what sort of accommodations were requested, nor how or why the requested accommodations were refused."  D. Br. 11.

of the circumstances," and holding that plaintiff's "documented serious underlying medical situation, in light of the pandemic's existence, is the proper way to make the disability determination here."); *Valentine v. Collier*, 2020 WL 3625730, at *2 (S.D. Tex. July 2, 2020) (holding that plaintiffs successfully pleaded ADA claim where they alleged, *inter alia*, "that they are at higher risk for serious illness or death if they contract COVID-19 because of their disabilities.").

Accordingly, the court denies Navarro County's motion to dismiss Milteer's discrimination claims under the ADA and TCHRA.

V

Before turning to the substance of Milteer's retaliation claims, which he brings under the ADA, the Rehabilitation Act, and the TCHRA, the court addresses Navarro County's argument that Milteer has failed to plead any cause of action under the Rehabilitation Act because the amended complaint contains no allegations that Navarro County is a program receiving federal financial assistance.

A

The Rehabilitation Act applies only to "any program or activity receiving Federal financial assistance or . . . conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). Although not pleaded in the amended complaint, Milteer argues in his response to Navarro County's motion to dismiss that Texoma HIDTA receives federal financial assistance, that the Texoma HIDTA is Navarro County's branch of the HITDA federal program, and that he was hired by Navarro County on a special assignment

- 14 -

with the Texoma HIDTA program.  Milteer then explains that, when he amended his complaint,

> he inadvertently removed the allegations regarding Texoma HIDTA receiving federal funds.  As shown in the Original Complaint, Milteer alleged that Texoma HIDTA received federal funding and such facts must be taken as true at the motion to dismiss stage.  If the facts are taken as true, Texoma HIDTA received federal funding during Milteer's employment.  If additional facts then set forth herein to support federal funding are necessary, jurisdictional discovery would be appropriate.  Milteer seeks leave to amend his complaint to re-allege and add facts in support of Texoma HIDTA's receipt of federal funding or alternatively, requests an opportunity to do jurisdictional discovery on the issue.

P. Br. 14-15 (citations omitted).

B

To the extent that Milteer relies on allegations in his original compliant to support his Rehabilitation Act claim, that complaint has been superseded by the amended complaint and no longer has any legal effect.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").  In the amended complaint, which is the operative pleading in this case, Milteer does not allege that he was "subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."  29 U.S.C. § 794(a).  In fact, the amended complaint contains no allegation at all regarding federal financial assistance.

*See* Am. Compl. ¶ 4 (alleging only that "Defendant is a local governmental unit located at 300 West 3rd Avenue, Navarro, Texas 75110").   Nor does Milteer's contention that "discovery would aid Milteer in asserting additional facts regarding federal funding," relieve him of the obligation to at least plead the bare fact that Navarro County or the Texoma HIDTA *is* a program or activity that receives federal financial assistance.  P. Br. 13.  Finally, to the extent that Milteer requests leave to file a second amended complaint so that he can re-allege and add facts in support of Texoma HIDTA's receipt of federal funding, the court denies this request for the reasons explained in the memorandum opinion and order filed today that denies, in part, Milteer's motion to amend the scheduling order.  *See Milteer v. Navarro Cnty., Tex.* , 2023 WL _____ (N.D. Tex. Jan. 25, 2023) (Fitzwater, J.).

Because Milteer has not plausibly pleaded that he was subjected to discrimination under a program or activity receiving Federal financial assistance or under a program or activity conducted by an Executive agency, the court grants Navarro County's motion to dismiss his Rehabilitation Act claim.

## VI

The court next considers Navarro County's motion to dismiss Milteer's retaliation claims brought under the ADA and TCHRA.

### A

As with Milteer's Title VII claim, the court analyzes his retaliation claims within the

context of the familiar *McDonnell Douglas* framework.[11]  To establish a prima facie case of

retaliation under the ADA, Milteer must show that (1) he engaged in an activity protected by

the ADA, (2) he suffered an adverse employment action, and (3) there is a causal connection

between the protected activity and the adverse action.  *Lyons v. Katy Indep. Sch. Dist.* 964

F.3d 298, 304 (5th Cir. 2020) (citation omitted).  Milteer must make this same showing for

his retaliation claim brought under the TCHRA.  *Rodriguez v. ConAgra Grocery Prods. Co.*,

436 F.3d 468, 473-74 (5th Cir. 2006) (following the lead of Texas courts in relying on

analogous federal law to interpret the TCHRA).

B

Navarro County moves to dismiss Milteer's retaliation claims on the ground that

Milteer has failed to plausibly allege that he engaged in a protected activity or that there is

a causal link between that protected activity and an adverse employment action.

Navarro County first contends that Milteer has failed to plausibly allege that he made

an accommodation request based on a "disability," but instead only requested to work

remotely due to COVID-19 concerns.  The court rejected this argument in the context of

Milteer's ADA failure-to-accommodate claim, *see supra* § IV(B), and does so in the context

of Milteer's retaliation claim for largely the same reasons.  Milteer has plausibly pleaded that

he requested an accommodation related to at least two physical impairments (diabetes and

---

[11]As noted above, *see supra* note 5, although the *McDonnell Douglas* standard is an
evidentiary framework, not a pleading standard, it is nevertheless helpful to reference that
framework when determining whether a plaintiff has plausibly alleged the elements of his
claim.  *See Cicalese*, 924 F.3d at 767.

hypertension) that substantially limited his ability to work during the COVID-19 pandemic. This allegation is sufficient to plead a protected activity for purposes of Milteer's retaliation claims under the ADA and TCHRA. *See, e.g.*, *Tabatchnik v. Cont'l Airlines*, 262 Fed. Appx. 674, 676 (5th Cir. 2008) ( per curiam) ("It is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity."); *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 317 (5th Cir. 2007) (holding that an employee claiming retaliation for requesting reasonable accommodations established a prima facie case of retaliation under ADA).

Navarro County next maintains that Milteer has not sufficiently pleaded that he requested an accommodation for a sincerely held religious belief that conflicted with a workplace requirement.  But Milteer alleges in the amended complaint that he requested permission to express his religious beliefs by wearing a Tallit and Kippah at work;[12] that his request was denied; and that, on November 18, 2020, he and his wife "met with Wright to report Milteer's allegations of religious and disability discrimination," Am. Compl. ¶ 36. These allegations sufficiently plead that Milteer engaged in protected activity for purposes

----

[12]Because Milteer bases his retaliation claim, at least in part, on the allegation that Navarro County retaliated against him for reporting to Wright that he had been subject to religious discrimination, the court expresses no view on whether requesting a religious accommodation is sufficient of itself to constitute protected activity under the TCHRA. *Compare EEOC v. U.S. Steel Tubular Prods., Inc.*, 2016 WL 11795815, at *16 (S.D. Tex. Aug. 4, 2016) (following EEOC guidance manual and holding that requesting a religious accommodation constitutes protected activity for purposes of Title VII retaliation claim) *with EEOC v. N. Mem'l Health Care*, 908 F.3d 1098, 1102 (8th Cir. 2018) ("[M]erely requesting a religious accommodation is not the same as opposing the allegedly unlawful denial of a religious accommodation.").

of his TCHRA retaliation claim. *See, e.g.*, *Schirle v. Sokudo USA, L.L.C.*, 484 Fed. Appx. 893, 899 (5th Cir. 2012) ("[S]pecific complaints about discrimination are clearly protected activity under Title VII." (citing *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 551 (5th Cir. 2009))).

Finally, Navarro County contends that Milteer has failed to plead a causal connection between any protected activity and an adverse employment action by Navarro County. The court again disagrees. An employee's burden at the prima facie stage is not onerous. *See Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) ("[T]he 'causal link' required in prong three of the prima facie case for [Title VII] retaliation is not as stringent as the 'but for' standard."); *Tawil v. Cook Children's Healthcare Sys.*, 582 S.W.3d 669, 683 (Tex. App. 2019, no pet.) ("[W]e impose only a slight burden on the employee to establish a prima facie case in the first step of the burden-shifting process."). At the prima facie stage, courts routinely hold that an employee meets his prima facie burden with proof that the protected activity was followed shortly by an adverse employment action. *See Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (explaining that "temporal proximity alone, when very close, can in some instances establish a *prima facie* case of retaliation" under Title VII); *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) ("Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation" under Title VII.).

The temporal proximity alleged in the amended complaint, combined with the lack

- 19 -

of other disciplinary actions, supports a prima facie showing of causation.  Milteer alleges that he requested permission to work remotely in May 2020, in October 2020, and several times in November 2020; that he sought permission to wear his Tallit and Kippah at work on November 4, 2020; that he met with Wright to report his allegations of religious and disability discrimination on November 18, 2020; that he filed a charge of discrimination with the EEOC on November 23, 2020; and that, just over a month later, he was terminated even though he never had any employment-related issues or verbal or written warnings in the prior eight years he was employed by Navarro County.  These allegations satisfy the low hurdle to plead a plausible prima facie case of retaliation.[13]

Because Navarro County does not move to dismiss Milteer's ADA or TCHRA retaliation claims on any other ground, the court denies Navarro County's motion as to these claims.

---

[13]The court suggests no view on whether Milteer can prevail on his retaliation claim in the context of a motion for summary judgment or at trial, where a "but for" cause standard will apply.  *See, e.g.*, *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) ("Ultimately, the employee [alleging ADA retaliation claim] must show that 'but for' the protected activity, the adverse employment action would not have occurred."); *Avila v. United Parcel Serv., Inc.*, 2018 WL 4100854, at *9 (Tex. App. Aug. 29, 2018, pet. denied) ("A plaintiff asserting a TCHRA retaliation claim must establish that, in the absence of his protected activity, the employer's prohibited conduct would not have occurred when it did.  Thus, the plaintiff must establish a 'but for' causal nexus between the protected activity and the prohibited conduct." (citations omitted)).

VII

In his response to Navarro County's motion to dismiss, Milteer requests that the court grant him leave to file a second amended complaint "to re-plead Defendant's federal funding."  P. Br. 22.  He also seeks "leave to file a Third Amended Complaint to add additional facts,"  "if the Court finds Milteer has still not pled enough facts to meet the threshold requirements for his claims."  *Id.*

The court denies Milteer's request for leave to file a second amended complaint to replead facts related to his Rehabilitation Act claim for the reasons explained in the memorandum opinion and order denying Milteer's motion for leave to amend scheduling order, which the court is filing today.  Because the court is not dismissing any of Milteer's other claims, it also denies Milteer's request for leave to file a third amended complaint.

*     *     *

Accordingly, for the reasons explained, the court grants Navarro County's motion to dismiss Milteer's Rehabilitation Act claim, but otherwise denies the motion.

**SO ORDERED**.

January 25, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 21 -