IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICK MILTEER, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:21-CV-2941-D |
| VS. § | |
| § | |
| NAVARRO COUNTY, TEXAS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination case, plaintiff Rick Milteer ("Milteer") moves to extend all but one scheduling order deadline pursuant to Fed. R. Civ. P. 16(b)(4). Defendant Navarro County, Texas ("Navarro County") partially opposes the motion. For the reasons that follow, the court grants Milteer's motion to the extent that it is unopposed but otherwise denies the motion.

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders in this case, *see, e.g.*, *Milteer v. Navarro Cnty., Tex.* (*Milteer II*), 2022 WL 10613517 (N.D. Tex. Oct. 18, 2022) (Fitzwater, J.); *Milteer v. Navarro Cnty., Tex.* (*Milteer I*), 2022 WL 1321555 (N.D. Tex. May 3, 2022) (Fitzwater, J.), and recounts the facts and procedural history only as necessary to understand this decision.

Milteer filed this lawsuit on November 23, 2021, alleging claims against Navarro County under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; the

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*.; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. § 21.001 *et seq*. (West 2015). Pertinent to the instant motion, Milteer alleged that Navarro County hired him to work within its Texoma High Intensity Drug Trafficking Areas division and that

> [t]he High Intensity Drug Trafficking Areas itself is a federal program that was created by Congress in 1988 with the purpose of coordinating and assisting other Federal, State, Local and Tribal law enforcement agencies. The Texoma High Intensity Drug Trafficking Areas ("HIDTA") is Navarro Count[]y's branch of the High Intensity Drug Trafficking Areas federal program.

Compl. ¶ 3.2.

On February 25, 2022 Navarro County filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss in which it contended, *inter alia*, that Milteer had failed to sufficiently allege, for purposes of his Rehabilitation Act claim,[1] that Navarro County is a program or activity receiving federal financial assistance. *See* D. Mot. (ECF No. 14) at 13-14. Three days later,

---

[1]The Rehabilitation Act provides, in pertinent part:

> [n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

the court entered a scheduling order ("Scheduling Order") that, *inter alia*, set August 15, 2022 as the deadline for filing a motion for leave to amend the pleadings.

In *Milteer I* the court granted Navarro County's motion to dismiss, but also allowed Milteer to replead. *Milteer I*, 2022 WL 1321555, at *10. Although the court noted that Navarro County had moved to dismiss Milteer's Rehabilitation Act claim "on the ground that he has failed to specifically or sufficiently allege that Navarro County is a program or activity receiving federal financial assistance, as the statute requires," *id.* at *5, the court did not address this ground of Navarro County's motion because it dismissed Milteer's Rehabilitation Act claim on other grounds, *id.* at *6-7.

Milteer filed his first amended complaint ("amended complaint") on May 31, 2022. He again alleged claims under the Rehabilitation Act, but in the amended complaint he omitted any reference to any federal program. *See* Am. Compl. ¶ 4 (alleging only that "Defendant is a local governmental unit located at 300 West 3rd Avenue, Navarro, Texas 75110."). Shortly thereafter, Navarro County moved on June 17, 2022 to dismiss the amended complaint, contending, *inter alia*, that the "Amended Complaint contains no allegations [that] allege that Navarro County is a program or activity receiving [federal financial] assistance." D. Br. (ECF No. 28) at 13. On September 1, 2022 Milteer responded to Navarro County's motion to dismiss[2] and also filed a motion under Rule 15 for leave to file a second amended complaint. In his Rule 15 motion, Milteer explained that he had

---

[2]Milteer's response was due on July 8, 2022. On August 16, 2022, however, he filed an unopposed motion for leave to file response, which the court granted the following day.

inadvertently removed from the amended complaint facts regarding Navarro County's federal funding, and he requested leave to amend in order to "re-plead facts regarding federal funding." P. Mot. (ECF No. 31) at 2.

In *Milteer II* the court denied Milteer's untimely motion for leave to file a second amended complaint. It applied the Rule 16(b)(4) good cause standard, which applies when, as here, the deadline to file a motion for leave to amend the pleadings has expired. The court concluded that Milteer had not only failed to address the Rule 16(b) factors, but he had offered no explanation or justification for allowing him to file a second amended complaint other than his statement that he had "inadvertently removed facts regarding the Defendant's federal funding." *Milteer II*, 2022 WL 10613517, at *2.

On November 3, 2022 Milteer filed the instant motion to amend the Scheduling Order under Rule 16(b)(4). He maintains that, "despite [his] diligent efforts, he has been unable to meet the deadlines" in the Scheduling Order, and he requests that the court extend the deadline for seeking leave to amend pleadings, the deadline for designating expert witnesses, and the remaining pretrial deadlines that have not already expired so that he can seek leave to file a second amended complaint and designate an expert. P. Br. (ECF No. 39) at 1-2. Navarro County opposes the motion to the extent that Milteer seeks an extension of the deadline for filing motions for leave to amend the pleadings.[2]

---

[2] Navarro County does not oppose amending the expert designation deadlines, the discovery deadline, the dispositive motion deadline, any other deadline that has not already expired, or the trial date.

II

Rule 16(b) requires that a party seeking to modify a scheduling order show good cause. *Id.*; *see, e.g.*, *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.). The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order. *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). "[T]o demonstrate 'good cause,' the movant must show that, despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (citation omitted) In determining whether the movant has met his burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (brackets omitted) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

III

Considering the four factors holistically, *see id.*, the court concludes that Milteer has not met his burden under Rule 16(b)(4).

Regarding the deadline for filing motions for leave to amend pleadings, Milteer

contends:

> [t]he HIDTA program is a federal program administered by the Office of National Drug Control Policy. The original complaint contained an allegation regarding Defendant's receipt of federal funding. Despite the allegation, the Defendant still argued it was insufficient. The Plaintiff attempted to uncover additional facts regarding the Defendant's federal funding after the Court entered its order. The First Amended Complaint did not contain the facts discovered, and thus, the Plaintiff drafted a Second Amended Complaint to include the additional allegations regarding federal funding. Plaintiff intends to seek discovery to uncover evidence to support his federal funding allegations. . . . Plaintiff asks the Court to allow an extension of the deadline to seek leave to amend pleadings in order to again seek leave to file his Second Amended Complaint that includes the additional facts regarding federal funding.

P. Br. (ECF No. 39) at 4-5 (citation omitted). Milteer maintains that extending the deadline for filing motions to amend the pleadings is important because he intends to file a second amended complaint that includes additional allegations regarding federal funding, which is "necessary" for his Rehabilitation Act claim; that Navarro County would not be prejudiced by an extension of the Scheduling Order deadlines because "Plaintiff would still need to file a motion for leave so Defendant would have an opportunity to respond to Plaintiff's specific request for leave to amend and Defendant has had notice of the federal funding facts since the suit was filed," *id*. at 6; and that any prejudice Navarro County may suffer would be cured by extending the deadlines for both parties.

The court will assume *arguendo* that Milteer's requested relief is important and that Navarro County either will not be prejudiced or that any prejudice can be cured by continuing the applicable deadlines. Even so, Milteer has failed to demonstrate that, despite

- 6 -

his diligence, he could not reasonably have met the scheduling deadlines. *See, e.g., Mallory v. Lease Supervisors, LLC*, 2019 WL 3253364, at *4 (N.D. Tex. July 19, 2019) (Fitzwater, J.) ("Courts deny motions to amend the scheduling order when the moving party fails to demonstrate that, despite [his] diligence, [he] could not have reasonably met the scheduling deadline.") (quoting *Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *3 (N.D. Tex. Aug. 7, 2015) (Fitzwater, J.))). As this court has previously explained:

> [i]f the absence of undue prejudice or the availability of a continuance to cure such prejudice were alone determinative, the Rule 16(b)(4) standard would not be one of "good cause"; it would be an "absence of incurable prejudice" standard. A moving party who, for example, had shown a complete lack of diligence and who undoubtedly could reasonably have met the scheduling deadline would still be able to obtain an amended scheduling order merely by demonstrating that the opposing party would not be prejudiced. But the standard is "good cause," and the good cause standard focuses on the diligence of the party seeking to modify the scheduling order.

*Matamoros*, 2015 WL 4713201, at *3; *see also Serv. Temps*, 2009 WL 3294863, at *3 (stating that the court must "remember[] at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order[,]" and finding that the movant had failed to satisfy the good cause standard of Rule 16(b)(4) where it had not provided plausible explanation for its delay, and that this failure to provide plausible explanation outweighed the other factors in the court's analysis).

Milteer has not demonstrated that he acted diligently to meet the Scheduling Order deadlines. He argues that, despite his "diligent efforts, he has been unable to meet the deadlines," P. Br. (ECF No. 39) at 1-2; that he attempted to uncover additional facts

regarding Navarro County's federal funding after the court entered its order in *Milteer I*; that he drafted a second amended complaint because "[t]he First Amended Complaint did not contain the facts discovered," *id.* at 4; and that he intends to seek discovery to uncover evidence to support his federal funding allegations. These conclusory assertions do not explain why Milteer neglected to include in the amended complaint any allegations regarding federal funding. The court can therefore only conclude that it was due to "mere inadvertence," which is insufficient to establish good cause. *See Hernandez v. Groendyke Transp., Inc.*, 2022 WL 487915, at * 2 (N.D. Tex. Feb. 17, 2022) (Fitzwater, J.) ("Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish 'good cause.'" (citation omitted)). Nor has Milteer adequately shown why, despite his diligence, he could not reasonably have filed a motion for leave to file a second amended complaint by the Scheduling Order's August 15, 2022 deadline.[3] Accordingly, the court concludes that Milteer has failed to demonstrate that he acted diligently to meet the Scheduling Order deadlines, and that Milteer has failed to demonstrate good cause to modify the Scheduling Order.

---

[3] Milteer's lack of diligence in this respect is especially patent considering that Navarro County raised the issue of federal funding in its February 25, 2022 motion to dismiss, the court noted Navarro County's argument regarding federal funding in *Milteer I*, and Navarro County pointed out in its June 17, 2022 motion to dismiss that the amended complaint "contains no allegations alleg[ing] that Navarro County is a program or activity receiving [federal financial] assistance." D. Br. (ECF No. 28) at 13.

IV

Navarro County does not oppose Milteer's motion to the extent that he seeks an extension of the other Scheduling Order deadlines—i.e., all deadlines other than for filing motions for leave to join other parties and for leave to amend pleadings. Accordingly, Milteer's motion with respect to those deadlines is granted. The parties are directed to confer regarding the remaining Scheduling Order deadlines and to submit a proposed amended scheduling order within 14 days of the date this memorandum opinion and order is filed.

* * *

Milteer's November 2, 2022 motion to amend the Scheduling Order is granted to the extent Navarro County does not oppose the motion, and is otherwise denied.

**SO ORDERED**.

January 25, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE