IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICK MILTEER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-2941-D |
| VS. | § | |
| | § | |
| NAVARRO COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Rick Milteer ("Milteer") alleging claims against defendant Navarro County, Texas ("Navarro County") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.; and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq*. (West 2021), Milteer has responded to the grounds that the court has raised *sua sponte* for granting Navarro County's motion for summary judgment.  He also moves the court to reconsider its summary judgment ruling. Concluding that Milteer has not created a genuine issue of material fact with respect to his discrimination or retaliation claim, and that his motion for reconsideration—which the court treats as a motion under Fed. R. Civ. P. 54(b)—should be denied, the court grants Navarro County's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

I

The court assumes the parties' familiarity with its decision in *Milteer v. Navarro County, Texas* (*Milteer I*), 2023 WL 3575626 (N.D. Tex. May 19, 2023) (Fitzwater, J.), and recounts only the facts and procedural history necessary to understand this decision.

Milteer, a practicing Messianic Jew and disabled veteran, was hired by Navarro County on March 11, 2013 to fill the position of Information Technology Manager for the Texoma High Intensity Drug Trafficking Areas ("HIDTA") program.  Navarro County terminated Milteer's employment on December 28, 2020 "based wholly on the recommendation of the Texoma HIDTA Executive Board's unanimous vote to terminate [Milteer's] employment status with Texoma HIDTA" as a result of "the findings of a thorough investigation of the 'allegation of data breach' made by [Milteer] between the dates of October 21 and November 30, 2020."  D. App. (ECF No. 43) at 24.

Milteer filed the instant lawsuit shortly after his termination.  In his amended complaint, he alleges claims for religious discrimination, in violation of Title VII and the TCHRA; disability discrimination, in violation of the ADA and TCHRA; and retaliation, in violation of the ADA and TCHRA.[1]

In *Milteer I* the court granted Navarro County's motion for summary judgment on Milteer's claim under the ADA and TCHRA for failure to accommodate.  *Milteer I*, 2023

_____

[1]Milteer also asserted a claim for retaliation under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794.  In *Milteer v. Navarro County, Texas*, ___ F.Supp.3d ___, 2023 WL 415154, at *6-7 (N.D. Tex. Jan. 25, 2023) (Fitzwater, J.), the court dismissed Milteer's Rehabilitation Act claim.

WL 3575626, at *9.  It also raised *sua sponte* that Navarro County is entitled to summary judgment on Milteer's Title VII and TCHRA religious discrimination claim because Milteer did not meet his burden to present evidence of pretext at the third stage of the *McDonnell Douglas*[2] burden-shifting analysis, *id.* at *7-8, and on Milteer's claim for retaliation under the ADA and TCHRA because Milteer failed to demonstrate a genuine issue of material fact with regard to but-for causation, *id.* at *10-11.  Because the court raised these grounds for summary judgment *sua sponte*, it granted Milteer 21 days[3] to file a response brief and evidence appendix addressing why the court should not grant summary judgment on grounds that it had raised *sua sponte*.  *Id.* at *11.

Milteer has responded to the grounds the court raised *sua sponte* and also requests that the court reconsider the dismissal of his ADA- and TCHRA-based failure to accommodate claim.

## II

The court begins with Milteer's request that the court reconsider the dismissal of his ADA- and TCHRA-based failure to accommodate claim.

## A

"Because the court's interlocutory . . . decision did not result in a final judgment, Fed.

---

[2]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[3]On May 24, 2023 and June 15, 2023 the court granted unopposed motions seeking to extend the deadline for Milteer to respond.  After Milteer filed his response, the court directed Navarro County to file a reply, which Navarro County did on July 24, 2023.

R. Civ. P. 54(b) governs whether the court reconsiders its ruling." *SEC v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (citing *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means, J.)) (addressing discovery ruling). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981)). "Such a motion requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (quoting *Judicial Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D.D.C. 2006)).

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Reneker v. Offill*, 2012 WL 3599231, at *1 n.1 (N.D. Tex. Aug. 22, 2012) (Fitzwater, C.J.) (quoting *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater C.J.)). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* (quoting *Arrieta*, 2009 WL 129731, at *1). The decision "whether to grant such a motion [for reconsideration] rests within the discretion of the court." *Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, 2014 WL 642738, at *1 (N.D. Tex. Feb. 19, 2014) (Fitzwater, C.J.) (alteration in original) (quoting *Colli*, 2011 WL 3524403, at *1).

B

In *Milteer I* the court dismissed Milteer's ADA- and TCHRA-based failure to accommodate claim, concluding that Milteer had failed to produce any evidence that he informed his employer (Navarro County) of his disabilities or that he had requested an accommodation from Navarro County. The court reasoned that

> [t]o the extent that he relies on evidence that he informed Sumpter of his disabilities and asked Sumpter for a reasonable accommodation, Milteer neither argues nor has adduced evidence that Sumpter, the Director of Texoma HIDTA, was an employee or agent of Navarro County or that Sumpter's knowledge can be imputed to Navarro County.

*Milteer I*, 2023 WL 3575626, at *9.

Milteer now asks the court to reconsider its dismissal of Milteer's failure to accommodate claim, contending that Navarro County and Texoma HIDTA should be treated as the same entity because both had control over aspects of his employment; the only person who could have offered Milteer an accommodation was Sumpter, his immediate supervisor; on October 26, 2020 Milteer informed Navarro County's Human Resource Coordinator, Julie Wright ("Wright"), that Sumpter knew of his disabilities and had failed to accommodate him; Milteer thought Navarro County was in charge of Texoma HIDTA and Sumpter; and Milteer thought that by reporting his disabilities to Sumpter, he was reporting to Navarro County.

C

Superficially distinct entities may be jointly liable for discriminatory acts in the employment context if they are found to be "a single, integrated enterprise: a single

employer." *Skidmore v. Precision Printing & Pkg., Inc*., 188 F.3d 606, 616 (5th Cir. 1999) (quoting *Trevino v. Celanese Corp*., 701 F.2d 397, 404 (5th Cir. 1983)).  The Fifth Circuit has set out two tests for determining employer liability.  *Schweitzer v. Advanced Telemarketing Corp*., 104 F.3d 761, 763-64 (5th Cir. 1997).  Courts initially inquire into whether a plaintiff is an employee of one defendant by using the "hybrid economic realities/common law control test."  *Id*. at 764.  "If the plaintiff is found to be an employee of one of the defendants under the hybrid test, but questions remain whether a second (or additional) defendant is sufficiently connected to the employer-defendant so as to be considered a single employer," the court then applies the single employer/integrated enterprise test set forth in *Trevino.  Schweitzer*, 104 F.3d at 764; *see also Hawkins v. TRT Holdings, Inc*., 2021 WL 149021, at *2 (N.D. Tex. Jan. 15, 2021) (Starr, J.) (holding that in Title VII cases, courts first apply the hybrid test "to determine whether any defendant employs the plaintiff and then the integrated enterprise test to determine if other defendants also employ him.").  The single employer test uses four factors to determine whether distinct entities may be considered integrated as a single employer.  *Trevino*, 701 F.2d at 404. The so-called *Trevino* factors are: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control."  *Id*. The second factor has traditionally been most important, "with courts refining their analysis to the single question, 'What entity made the final decisions regarding employment matters related to the person claiming discrimination?'"  *Schweitzer*, 104 F.3d at 764 (quoting *Trevino*, 701 F.2d at 404).

- 6 -

In *Milteer I* this court held that a reasonable jury could find that Navarro County was Milteer's employer. *Milteer I*, 2023 WL 3575626, at *5. In his motion to reconsider, Milteer appears to argue that Navarro County and Texoma HIDTA should be considered a single or joint employer. But Milteer has failed to adduce sufficient evidence for a reasonable jury to find that Texoma HIDTA was a joint employer under *Trevino*'s single employer/integrated enterprise analysis. He contends only that the court should treat Navarro County and Texoma HIDTA as the "same entity" because "both Navarro County and Texoma HIDTA had control over aspects of Milteer's employment." P. Br. (ECF No. 69) at 3. This conclusory assertion, unsupported by any citation to the record, is insufficient to raise a genuine issue of material fact. *See, e.g., Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment.") (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)).

D

Milteer also contends that he informed Wright "that Sumpter knew of his disabilities and failed to accommodate him." P. Br. (ECF No. 69) at 3. In support, he cites his declaration, in which he avers, in relevant part:

> At the October 26, 2020 meeting, I also informed Wright of the sensitive matters transpiring in Texoma HIDTA related to my lack of accommodation and religious intolerance. I thought by asking for accommodation from my superior, I was reporting it to the correct person. When he failed to grant my accommodations, I thought I was correctly taking the issues to the next level and complained to Navarro County Human

- 7 -

Resources.

P. App. (ECF No. 70) at 2, ¶ 8.  But Milteer does not appear to have asked Wright (or Navarro County, by extension) for an accommodation—he only avers that he informed her that he had asked *Sumpter* for an accommodation.[4]  Evidence that Milteer reported to Wright that *Sumpter* had failed to accommodate his disabilities is insufficient to permit a reasonable jury to find that Milteer requested an accommodation *from Navarro County* or that Navarro County failed to make reasonable accommodations for Milteer's disabilities.

The therefore court holds, as it did in *Milteer I*, that Milteer's evidence is insufficient to enable a reasonable jury to find that Milteer informed Navarro County of his disabilities or that he requested an accommodation from Navarro County.  Accordingly, the court denies Milteer's motion to the extent that he requests that the court reconsider its ruling on his ADA- and TCHRA-based failure to accommodate claim.

III

The court now considers Milteer's claims for religious discrimination under Title VII and the TCHRA and for retaliation under the ADA and TCHRA.

A

In *Milteer I* the court assumed *arguendo* that Milteer had established a prima facie case of religious discrimination and retaliation; held that Navarro County had met its burden

---

[4]And Milteer has failed again to adduce "evidence that Sumpter, the Director of Texoma HIDTA, was an employee or agent of Navarro County or that Sumpter's knowledge can be imputed to Navarro County."  *Milteer I*, 2023 WL 3575626, at *9.

at the second stage of the *McDonnell Douglas* burden-shifting analysis to produce evidence of a legitimate, nondiscriminatory/nonretaliatory reason for terminating Milteer's employment (i.e., it was instructed to do by the Texoma HIDTA Executive Board, which had unanimously voted to terminate Milteer's employment based on the belief that he made false allegations regarding the purported data breach and that he had lied during a formal investigation into the alleged breach, and on the basis that he was no longer considered trustworthy by his supervisors at Texoma HIDTA); and raised *sua sponte* that Navarro County was entitled to summary judgment because Milteer had not met his burden of presenting evidence of pretext for his discrimination claim or of but-for causation for his retaliation claim. *Milteer I*, 2023 WL 3575626, at *7-8, 10-11.

In his response, Milteer contends that, during the November 4, 2020 meeting with Sumpter regarding the alleged data breach, his non-responsiveness and confusion when responding to Sumpter's interrogation was due to his PTSD; that Sumpter knew about his PTSD and used Milteer's response as a pretext to terminate him because he disliked Milteer's religious beliefs, to retaliate against him, and to cover up Sumpter's own wrongdoing; and that "[a]ccordingly, there are genuine issues of material fact as to whether the pro-offered reason for Milteer's termination was nothing more than pre-text for Navarro County's discrimination or the reason for the termination was to retaliate against him for reporting protected activity." P. Br. (ECF No. 69) at 10. He argues in the alternative that the data breach allegation was only one of the motives to terminate him, and that the other motive was based on his religion, as shown by Sumpter's clear dislike of Milteer's religion, or in

retaliation for the complaints Milteer was making to Navarro County about Sumpter's religious intolerance and failure to accommodate. Milteer asserts that he

> has raised a genuine issue of material fact as to the truthfulness of the reason provided by Navarro County to prevent summary judgment. But Milteer has also shown that he was unable to explain how he discovered the data file as well as why he could not answer Sumpter's questions in their meeting. Thus, Texoma HIDTA may not have known the data breach allegations were false. But the real reason for Sumpter's animus towards Milteer and campaign to terminate him was his dislike of Milteer's religion as shown by his remarks and the timing of Milteer's termination shows Sumpter was retaliating against him for Milteer's complaints about Sumpter's unlawful actions. Even if the Texoma HIDTA believed the data breach was false, Milteer should have been able to present his case. The refusal to allow Milteer to speak to the Board shows that the data breach was not the only motivating factor. Further, Milteer's almost eight-year stellar employment record with Texoma HIDTA, which Navarro County does not deny, demonstrates the false data breach allegation was not the only motive behind his termination.

*Id.* at 12-13 (citations omitted).

B

As it did in *Milteer I*, the court holds that a reasonable jury could not find from the summary judgment evidence that Navarro County's proffered reason for Milteer's termination—that it was instructed to do so by the Texoma HIDTA Executive Board—was not the real reason but was instead a pretext for intentional discrimination. Nor could a reasonable jury find that retaliation was the but-for cause of Milteer's termination.[5] The

_____

[5]Milteer again alleges that Sumpter used Milteer's response during the November 4, 2020 meeting to, among other things, "cover up his own wrongdoing." P. Br. (ECF No. 69)

evidence Milteer cites would, at most, permit a reasonable jury to find that *Sumpter* may have been motivated, in part, by a discriminatory or retaliatory animus.  But Milteer has not presented a sufficient basis for a reasonable jury to find that Navarro County is liable for the discriminatory or retaliatory conduct of Sumpter, a Texoma HIDTA, *not* a Navarro County, employee.

Accordingly, for the reasons explained in this memorandum opinion and order and in *Milteer I*, the court grants Navarro County's motion for summary judgment on Milteer's claims for religious discrimination under Title VII and the TCHRA and for retaliation under the ADA and TCHRA.

\*   \*   \*

For the reasons set out in *Milteer I* and this memorandum opinion and order, the court grants Navarro County's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

August 16, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

at 10.  But as the court explained in *Milteer I*, "[i]f this was the real reason underlying Milteer's termination, it casts doubt on whether retaliation for engaging in protected activity was the 'but for' cause."  *Milteer I*, 2023 WL 3575626, at \*10 n.18.